Williams, J.
The following are the material parts of the court’s charge, of which the plaintiffs in error complain:
“It was the duty of the defendants, whether they caused the.arrest and imprisonment, or made the arrest and imprisonment, to carry the plaintiff without unreasonable delay before a magistrate of lawful competency for that purpose, to accuse him there according to the forms of law, and obtain the necessary magisterial sanction for any further detention of him. The defendants, making the defense here (I mean all the defendants except the sureties), did not comply with the command of the law, which required them to take him before a magistrate and obtain a warrant for his arrest. They have not shown any lawful reason for omitting to do this. He was detained in prison an unreasonable time without the filing of an affidavit and the procuring of a warrant. Their failure to comply with this law, made them trespassers from the beginning of the arrest. The permission which the law gave them to arrest and imprison him originally because there was reasonable cause for it, without first procuring a warrant, filing an affidavit and procuring a warrant, was given to them on the condition that they would not detain him longer than was reasonably necessary to enable an affidavit to be filed and a warrant to be procured. Not having complied with that condition, the fact that he was arrested in the first instance for *507 reasonable cause is not even a colorable defense. Three of these defendants were subordinate officers of the superintendent of police. They did what they did pursuant to orders given by one who had a right to command, presumably. That may, as it ought to, make you feel that they ought not, in a moral sense, be held responsible in damages. But the orders of a superior, or of one who had a right to command them, is not a legal reason for their omission to comply with the law which required them, in a reasonable time, to file an affidavit and procure a warrant. The court having this conception of the law applicable to the case, there is nothing for you to do but to assess the damages.”
It was shown on the trial, that the plaintiff was arrested by the defendant officers without warrant, as alleged in the petition, and was imprisoned after such arrest for a period of more than five days, without any warrant for his detention, and without any charge having been made against him before any competent tribunal, or opportunity allowed him for a trial; that during his imprisonment he frequently demanded to be informed of the nature of the charge on which he was detained, and to be taken before a proper court for a hearing thereon; and that, at the end of the period named, when he was discharged from prison, no complaint had been filed against him, nor trial allowed him. These facts were not disputed. The evidence of the defence was directed entirely to the establishment of good cause for the arrest, and to the subject of damages. There was no impropriety, therefore, in the court treating as undisputed, the facts above stated and no complaint is urged here on that account. The objection made, is to that part of the charge by which the jury were instructed, in sub *508 stance, that though the defendants making the arrest or causing it to be made, had good cause therefor, that did not justify the imprisonment of the plaintiff thereunder for a longer period than was reasonably necessary to enable the defendants to obtain a warrant, or authority from some competent tribunal, for his further detention; and, that his continued imprisonment without such warrant or authority, rendered them liable as wrongdoers from the beginning, leaving only the question of damages for the consideration of the jury. In this charge we think there was no error. It is provided by Section 7130, of the Revised Statutes, that:. “When a felony has been committed, any person may, without a warrant arrest another who he believes, and has reasonable cause to believe, is guilty of the offense, and may detain him until a legal warrant can be obtained.” And Section 7143, contains the provision that: “If it becomes necessary, for any just cause, to adjourn the examination of the accused, the magistrate may order such adjournment, and commit the accused, from time to time, for safe keeping, to the jail of the county, until the cause of the delay is removed, and no longer; but the whole time of such confinement in jail shall not exceed four days; or, the officer having in custody any such person may, by the written order of the magistrate, detain him in custody in some secure and convenient place, other than the jail, to be designated by the magistrate in his order, not exceeding four days.”
The right to make arrests without warrant, is conferred by the statute in order to prevent the escape of criminals where that is likely to result from delay in procuring a writ for their apprehension; and it was not the purpose to dispense with the necessity of obtaining such writ as soon *509 as the situation will reasonably permit. To af ford protection to the officer or person making the arrest, the authority must be strictly pursued; and no unreasonable delay in procuring a proper warrant for the prisoner’s detention can be excused or tolerated. Any other rule would leave the power open to great abuse and oppression. The detention of the plaintiff in prison for a period of five days, and more, without any writ, or order of any court, and in disregard of his repeated demands to be given a hearing, was without excuse or palliation. None was offered. It was a palpable and arbitrary abuse of official powar Not having pursued their authority to arrest without warrant, by failing to obtain within a reasonable time, a Avrit or order for the plaintiff’s detention, the defendants placed themselves in the same situation as if they had originally acted without authority. It is a familiar rule that one Avho abuses an authority given him by law becomes a trespasser ab initio. That rule has often been applied in cases like the present one. In Brook v. Stimson, 108 Mass., 520, it was held that: “An officer who arrests an offender without warrant, by authority of a statute which authorizes such arrest only as preliminary to taking him before a court, is liable for assault and false imprisonment if he omits to take him before the court.” Numerous authorities for the similar application of the rule are collected in the opinion of the court in that case, and many others might be cited, some of which are referred to in the brief of the defendant in error. The arresting officer, in such case, cannot justify the holding of the prisoner without warrant, on the ground that time is necessary to investigate the case, and procure evidence against him. Section 7143, of the Revised Statutes, already quoted, provides for *510 cases where such delay becomes necessary, by authorizing the magistrate before whom the accused is taken to adjourn the examination from time to time, and commit the accused until the cause of the delay is removed. But that section forbids the imprisonment for any period exceeding four days.
In behalf of the plaintiffs in error, Leger, Miller, and Frank, it is contended that, as they were subordinate officers acting under orders from the chief of the police force in arresting the defendant in error and delivering him into the custody of the patrolmen, who conveyed him to the city prison in obedience to the chiefs orders, they should not be held responsible for' his subsequent imprisonment, nor for the omission to obtain the necessary warrant and bring him to trial. But the delivery of the plaintiff after his arrest, into the custody of another person, to be by him taken to prison, could not, we think, absolve the arresting officers from the duty required of them to obtain the writ necessary to legalize his further imprisonment. If it could, the imprisonment might with impunity be prolonged indefinitely by the change of custodians and places of confinement, at short intervals. The arrest having been made without warrant, it was necessary, in order to preserve the legality of that action, that the proper steps should be taken to prevent the further detention of the prisoner from becoming unlawful; for, as we have seen, unless those steps be taken, all legal protection for such arrest ceases, and the arresting officers become wrongdoers from the beginning, liable as such, equally with those by whom the unlawful imprisonment is continued. If the arresting officers choose to rely on some other person to perform that required duty, they take upon themselves the risk of its being performed, and unless it *511 is done in proper time, their liability to the person imprisoned, is in ho wise lessened or affected. There was no order of a superior officer in this case that did or could prevent the defendants who made the arrest from complying with the requirement of the law in the respect indicated, nor excuse their omission to comply therewith.

Judgment affirmed.