## WILLIAM W. BROCK *vs.* FORDYCE M. STIMSON.

An officer who arrests an offender without a warrant, by authority of a statute which authorizes such an arrest only as preliminary to taking him before a court, is liable to him for assault and false imprisonment, if he omits to take him before the court.

An officer who finds a person intoxicated in a public place, and takes him into custody without a warrant, as directed by the St. of 1869, c. 415, § 42, but omits afterwards to take him before a justice of the peace or police court, and complain against him for the crime of drunkenness, as further directed by the statute, is liable to him for assault and false imprisonment.

TORT for assault and battery, and false imprisonment, at Cambridge. Writ dated June 22, 1870. The defendant answered " that he was the chief of police within and for the said city of Cambridge; that the plaintiff was in a certain horse car, within said city, drunk and intoxicated and disorderly, and disturbing the peace by his unlawful conduct; that the defendant, in the exercise of his duty as a police officer, directed the arrest of the plaintiff, and his removal from said car, and assisted thereat, and detained the plaintiff in custody at a station-house in said city for a short space of time and until he had recovered from the intoxication aforesaid, when the defendant released and discharged the plaintiff; and that, in all his acts aforesaid, the defendant did no more than he might lawfully do, and no more than his duty as such police officer."

At the trial in the superior court, before *Scudder*, J., the jury returned a verdict for the plaintiff, with damages in the sum of $300; and the judge allowed a bill of exceptions which referred to the pleadings and continued as follows: " It was in evidence that the plaintiff was arrested without a warrant, and that the defendant, after detaining him in custody for the space of one hour, released him therefrom, and took no further proceeding in the premises. Upon this evidence, the judge instructed the jury that, even although they should find that the said arrest and imprisonment of the plaintiff were lawful and justifiable, yet it was the duty of the defendant to pursue the matter so far as to bring the plaintiff before a magistrate on complaint, for trial for the offence for which the said arrest was made, and that the failure

of the defendant so to proceed made him a trespasser *ab initio*, unless the jury should be satisfied that the plaintiff consented to his discharge and the termination of the proceeding as aforesaid; to which ruling the defendant excepted."

*J. W. Reed*, for the defendant.

*N. St. J. Green & J. L. Thorndike*, for the plaintiff.

GRAY, J. Every man has the right to the enjoyment of his liberty and the use of his property, except so far as restrained by law; and whoever unlawfully interferes with the enjoyment of the one, or the use of the other, is a trespasser. A man who seizes the property or arrests the person of another by legal process, or other equivalent authority conferred upon him by law, can only justify himself by a strict compliance with the requirements of such process or authority. If he fails to execute or return the process as thereby required, he may not perhaps in the strictest sense be said to become a trespasser *ab initio* ; but he is often called such, for his whole justification fails, and he stands as if he had never had any authority to take the property, and therefore appears to have been a trespasser from the beginning. 2 Rol. Ab. 563. *Shorland* v. *Govett*, 5 B. & C. 485 ; *S. C.* 8 D. & R. 257. *Smith* v. *Gates*, 21 Pick. 55. *Coffin* v. *Vincent*, 12 Cush. 98. *Russell* v. *Hanscomb*, 15 Gray, 166. *Munroe* v. *Merrill*, 6 Gray, 236. *Williams* v. *Babbitt*, 14 Gray, 141. The same rule holds good in the case of an officer who, after arresting a person on criminal process, omits to perform the duty required by the law, of taking him before a court. *Tubbs* v. *Tukey*, 3 Cush. 438.

The only justification set up in the answer is, that the defendant, being chief of police of the city of Cambridge, found the defendant in a public place in a state of intoxication, disorderly and disturbing the peace, and took him and detained him at a police station for a short space of time and until he had recovered from his intoxication, and then discharged him. But the St. of 1869, *c.* 415, § 42, which directs an officer to take such a person without a warrant, and detain him in some proper place until he has so far recovered as to render it proper to take him before a court of justice, further expressly enacts that " the officer shall

then take him before some justice of the peace or police court in the city or town where he has been found, and shall make a complaint against him for the crime of drunkenness." The statute authorizes the arrest without a warrant, only as a preliminary step towards taking the prisoner before a court. The defendant, as the bill of exceptions and his own answer both show, having failed to do this, cannot justify the arrest, and his unauthorized discharge of the prisoner affords him no protection from liability in this action.                    *Exceptions overruled.*