CHARLES N. PHILLIPS *vs.* THOMAS FADDEN.

Norfolk.    January 22. — July 18, 1878.

An officer who arrests a person, without a warrant, under the St. of 1876, c. 17, on the ground that he is " found in a state of intoxication," is liable to an action for an assault and false imprisonment, if he omits to make a complaint against him for the crime of drunkenness ; or if the person arrested is not in fact intoxicated, although the officer acts in good faith, and under a reasonable belief that the person is intoxicated.

In an action against an officer, who arrested the plaintiff, without a warrant, under the St. 1876, c. 17, there was evidence that while the officer was taking the plaintiff to the lock-up, the plaintiff asked to be let off, and promised the officer that if he would release him, he would go home peaceably ; that the officer released him and did not afterwards make a complaint against him. There was also evidence that when the plaintiff was released, the officer told him to be at court the next day ; and that the officer then applied for a warrant, but did not obtain one. The judge instructed the jury that, to release the officer from liability, the jury must be satisfied that it was understood and agreed between the parties at the time that no further proceedings were to be taken. *Held,* that the defendant had no ground of exception.

TORT for assault and battery and false imprisonment, at Holbrook, on July 12, 1877. Writ dated September 6, 1877. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions in substance as follows:

The plaintiff was arrested without a warrant on the day alleged, by the defendant, a constable of the town of Holbrook, in a public place in that town. The evidence was conflicting upon the question whether the plaintiff was or was not intoxicated at the time of his arrest.

There was evidence tending to show that after the arrest was made, and while the officer was taking the plaintiff to the

lock-up, the plaintiff asked to be let off, and promised the defendant that, if he would release him, he would go to his home peaceably, and would not drink any more; and that the defendant consented and suffered him to go at large, and did not, in fact, afterwards take him into custody upon this charge, or make a complaint against him, or carry him before the court. There was also evidence tending to show that the defendant, when he released the plaintiff, told him to be on hand to go to court the next morning; that the defendant went to the clerk of the district court, who lived in an adjoining town, for a warrant, but was told by the clerk that he had no blank warrants with him, and came away without procuring a warrant; and that he did not take any further steps in the matter.

The defendant requested the judge to instruct the jury, that an officer who had, without a warrant, arrested a person for being intoxicated in a public place, might afterwards release him without taking him before the proper court, if, in the exercise of his judgment, that was the best course to be pursued; and that he would not be liable for so doing to the party arrested, unless it appeared that he acted in bad faith in making the arrest.

The judge declined to give this instruction; and instructed the jury as follows: " An officer who, without a warrant, arrests a person for being intoxicated, does so at his peril; and if it afterwards appears that the person so arrested was not in fact in-toxicated, within the meaning of the statute, at the time of the arrest, the officer is liable in trespass, notwithstanding he made the arrest in good faith, and under a reasonable belief that the person arrested was intoxicated.

" After an officer has, without a warrant, once arrested a person for being intoxicated in a public place, he is bound to carry him before the proper court; and if he fails to do so, he is liable, unless it is shown that the person arrested requested or consented to the discharge; and in order to release the officer from liability upon this ground, the jury must be satisfied that it was understood and agreed between the parties at the time that no further proceedings were to be taken in the matter."

The jury returned a verdict for the plaintiff in the sum of $50; and the defendant alleged exceptions.

*A. French*, for the defendant.

*J. F. Kilton*, for the plaintiff.

AMES, J.　It was provided by the St. of 1869, *c*. 415, § 42, that " if a person is found in a state of intoxication in a public place, or is found in any place in a state of intoxication committing a breach of the peace or disturbing others by noise, any sheriff, deputy sheriff, constable, watchman or police officer shall without a warrant take him into custody, and detain him in some proper place until, in the opinion of such officer, he is so far recovered from his intoxication as to render it proper to carry him before a court of justice.　The officer shall then take him before some justice," &c., "and shall make a complaint against him for the crime of drunkenness."　It will be observed that the terms of this statute left nothing to the discretion of the officer, but made it his imperative duty to arrest the offender and afterwards to institute proceedings to have him brought to trial for his offence as soon as he was in a condition to be tried.　In the case of *Brock* v. *Stimson*, 108 Mass. 520, it was decided that an arrest under this provision of the statute was only authorized as preliminary to a complaint and judicial proceeding, and that the officer making such arrest was liable to an action for assault and false imprisonment if he omitted to take the party arrested before the proper tribunal and to complain against him for the crime of drunkenness.

By the St. of 1875, *c*. 99, the statute above cited was repealed, and a new system for the regulation of the sale of intoxicating liquors was established.　In this new system, no provision was made for the summary arrest, without a warrant, of persons found in a state of intoxication in a public place or committing a breach of the peace or disturbing others by noise.　But early in the next session the Legislature supplied this omission by a statute in these words: " Whoever is found in a state of intoxication in a public place, or is found in any place in a state of intoxication committing a breach of the peace or disturbing others by noise, may be apprehended by any sheriff, deputy sheriff, constable, watchman or police officer, without a warrant, and kept in custody in some suitable place until he is so far recovered from his intoxication as to render it proper to carry him before a court of justice.　The officer may then make a

complaint against him for the crime of drunkenness." St. 1876, c. 17.

It will be observed that this last statute differs in some material respects from the law upon the same subject in force at the time when the case of *Brock* v. *Stimson*, above cited, was decided. The language of the new statute is permissive rather than imperative. It provides that the offender may be apprehended, and that when he has recovered from his intoxication the officer may make a complaint against him for the crime of drunkenness. But this change in the law from " shall " to " may," although it undoubtedly leaves it to the sound judgment and discretion of the officer to decide whether the case requires the arrest of the offender, was not intended to change the purpose of the arrest when made. The words " shall " and " may " are not unfrequently equivalent terms. *Worcester* v. *Schlesinger*, 16 Gray, 166. The statute evidently is based upon the assumption that when a man is found in a state of intoxication in a public place, there may be such danger of a breach of the peace, or at least of disturbance and annoyance, as to render it proper that the offender should be taken into custody. In such case, the officer may act without waiting for a warrant. We cannot suppose that it was intended to give the officer any power which he would not have, if he had a warrant. When the Legislature provides for an arrest by a peace-officer, we must understand that the arrest intended is such as is incident to the service of legal process. The custody is to be temporary only, to continue until the party arrested is in a condition proper for his appearance in court. The provision, that the officer may then make a complaint for the crime of drunkenness, only means that he need not make the complaint until then. The construction contended for by the defendant would make the officer a sort of guardian for the offender, with absolute discretion to decide not only as to the necessity of a summary arrest, but also as to the duration of the imprisonment after the arrest. It is hardly to be supposed that a discretion so wide and so liable to abuse was intended to be conferred upon him.

We must hold therefore that the change in the statute does not take the case out of the rule as given in the case of *Brock* v. *Stimson*, above cited. Every man has tne right to the enjoy-

ment of his liberty, except so far as restrained by law. One who arrests the person of another by legal process, or other equivalent authority conferred upon him by law, can only justify himself by a strict compliance with the requirements of such process or authority. If he fails to execute or return the process as thereby required, or to do what the law required him to do in making the arrest, his whole justification fails.

If the person arrested was not in fact intoxicated, the statute gave the officer no right to arrest, even though, in so doing, he acted in good faith and upon reasonable grounds of belief. The case of *Rohan* v. *Sawin*, 5 Cush. 281, was a case in which the arrest was for a supposed felony, and the rule of the common law which governed that case does not apply to this, which depends upon the words of the statute.

As to so much of the instructions to the jury as relates to the effect of any agreement or understanding between the officer and the person arrested, we are not called upon to say anything more than that the defendant has no ground of complaint.

*Exceptions overruled.*