## COMMONWEALTH *vs.* JOHN C. CHENEY, JR.

Essex.   Nov. 4, 1885. — Feb. 23, 1886.   FIELD & DEVENS, JJ., absent.

A police officer, arresting a person without a warrant, under the Pub. Sts. *c.* 207, § 25, for being intoxicated in a public street, is not liable criminally therefor, if he acted in good faith, and had reasonable cause to believe such person to be intoxicated, although he was not in fact intoxicated.

If a police officer, arresting a person without a warrant, under the Pub. Sts. *c.* 207, § 25, for being intoxicated in a public street, is indicted for an assault, a judgment of conviction of the arrested person of the crime of drunkenness, rendered by a police court on the day after the arrest, is not conclusive evidence in favor of the officer, at the trial of the indictment, that such person was intoxicated when arrested.

GARDNER, J.   1. The defendant was indicted for an assault with a dangerous weapon upon one Hayes.   At the trial, it appeared that the defendant was a police officer, and one of the night-watch of Newburyport, and, at the time of the alleged assault, was on duty upon his beat.   The defendant contended that the alleged offence grew out of an attempt made by him to arrest Hayes for the crime of drunkenness on Merrimack Street, a public street in Newburyport.   The defendant requested the court to rule and instruct the jury, " that, if the defendant had reasonable cause to believe that Hayes was drunk, it made no difference whether Hayes was actually drunk or not; and that, if the defendant had such reasonable cause of belief, the arrest was proper, as far as the act of drunkenness was concerned, and the defendant would not be liable criminally for making the arrest."   The court refused so to instruct the jury, and did instruct them, "that, in order to protect the officer from criminal prosecution, Hayes must have been actually drunk, and a reasonable cause of belief on the part of the officer was not sufficient."

The statute in force at the time of the assault provided that whoever is found in a state of intoxication in a public place may

be arrested without a warrant by a watchman or police officer. Pub. Sts. *c.* 207, § 25. The language of the statute is permissive. It gives authority to the officers named to use their discretion as to arresting an intoxicated person found in a public place. It does not compel them at all hazards to arrest such person, but leaves it to their sound judgment to decide whether, under all the circumstances of the particular case, they should arrest the offender. *Phillips* v. *Fadden,* 125 Mass. 198.

Although the law does not absolutely compel the officer to make the arrest, yet, when he does so make it, he must be able to justify his act in a civil action, and, if indicted therefor, show that he was not guilty of a criminal assault and battery. If the person arrested was actually intoxicated, within the meaning of the statute, this would be sufficient reason for taking such person into custody without a warrant.

In civil actions, it is well settled that, if the person arrested was not in fact intoxicated, the statute gave the officer no authority to arrest, although in so doing he acted in good faith and upon reasonable grounds of belief. *Phillips* v. *Fadden, ubi supra.* This rule does not apply to an arrest without a warrant for a supposed felony, in which case the officer would be justified if he had reasonable grounds to suspect the person arrested of having committed a felony. *Rohan* v. *Sawin,* 5 Cush. 281.

The strict rule which applies to arrests for drunkenness, in civil actions against officers, does not govern in complaints and indictments for assault and battery against the arresting officer. It has been held that the arresting of a person in the night, as a night-walker, by a lawful officer, would be illegal, if the person arrested were innocent, and there were no reasonable grounds of suspicion to mislead the officer. *Regina* v. *Tooley,* 2 Ld. Raym. 1296. 1 Russ. Crimes, (9th Am. ed.) 809, and note. It has also been held, that ignorance of fact, without criminal negligence, will exempt one from criminal responsibility; as where a man, intending to kill a thief or housebreaker in his own house, by mistake kills one of his own family, this will not be a criminal action. 1 Russ. Crimes, 48, citing *Levett's case,* Cro. Car. 538; 4 Bl. Com. 27; and 1 Hale P. C. 42, 43.

In *Commonwealth* v. *Presby,* 14 Gray, 65, Mr. Justice Hoar, citing *Levett's case,* says: "The act having been done under the

reasonable belief that the person killed was a felon, the excuse was held sufficient. . . . . By an unlawful act is meant intentional violence, without justification or excuse." The same principle is recognized in *Commonwealth* v. *Woodward*, 102 Mass. 155, 161, where it was held that, unless the defendant at the time he struck the deceased, under all the circumstances of the case, had reasonable cause to believe that it was necessary to protect his person, and the blow was given by him for that purpose, he would be responsible for the consequences of the blow. Other cases to the same point might be cited.

The case of *Commonwealth* v. *Presby*, *ubi supra*, arose at a time when the statutes of the Commonwealth made it the imperative duty of an officer to arrest for drunkenness without a warrant, if he found an intoxicated person in a public place, &c. The court dwelt upon the fact that the defendant was required by his official duty to make the arrest, if the fact of intoxication existed; and decided that, " if he acted in good faith, upon reasonable and probable cause of belief, without rashness or negligence, he is not to be regarded as a criminal because he is found to have been mistaken."

It is difficult to note the distinction between this case and the one at bar, so far as the principle of law is laid down. The facts of the two cases are substantially the same. The only difference is this : in the first, the statute used the phrase " shall " arrest the offender; in the case we are considering, it says " may " arrest, &c. This change in the law was not intended to change the purpose of the arrest when made. *Phillips* v. *Fadden*, *ubi supra*. Before the defendant arrested Hayes, he was bound to exercise his sound judgment, and determine whether it was his duty, under all the circumstances, to make the arrest. But when he had exercised his discretion, we cannot see, if he acted in good faith, upon reasonable and probable cause of belief, without rashness or negligence, that he is to be regarded as a criminal, because he is found to be mistaken. The arguments and illustrations used in *Commonwealth* v. *Presby* apply with equal force to this defendant and the same interrogatory may be put with the like effect in this case as in that : " Is the officer to be held a criminal, if, using his best judgment and discretion, and all the means of information in his power, in a case where he is called

upon to act, he makes a mistake of fact, and comes to a wrong conclusion?" It is true, that the officer should be required to use all reasonable means to inform himself before making an arrest under this statute ; and that no encouragement should be given to careless and wilful acts of violence, under circumstances where there is no necessity for any arrest or interference with the personal rights of another. The change of the statute may impose another duty upon the officer, that of determining whether, under all the circumstances of the case, there is any necessity for making the arrest. But this rests with the officer. It is for him to determine, and, if he acts in good faith in relation to it, his decision is final and conclusive. We think, therefore, that the change in the statute has not modified the law; and that, if the defendant, acting in good faith, came to the determination that it was his duty to arrest Hayes, in so doing he was governed by the same law which was enunciated in *Commonwealth* v. *Presby*. The fact that, in that case, it was the imperative duty of the officer to make the arrest, if the fact of intoxication existed, does not differ materially from a case where the officer, acting in good faith, believed that it was equally his duty to make the arrest if the fact of intoxication existed. In both cases, the officers were required by official duty to make the arrest, — one by imperative duty under the statute, the other by a duty equally imperative, growing out of the circumstances of the case, and impelling him as a faithful officer to make the arrest.

Although the instructions prayed for should have been given in some form, they ought not to have been given in the bald form in which they were framed by the defendant. The jury should have been instructed, in substance, that if the defendant, acting in good faith, under all the circumstances of the case, believed that it was necessary that Hayes should be arrested for drunkenness, and, in making such arrest, acted without rashness or negligence, upon reasonable and probable ground of belief that Hayes was intoxicated, and it turned out that Hayes was not intoxicated, and the officer was honestly mistaken as matter of fact, the jury ought not to find him guilty of assault and battery, unless, in making such arrest, the officer used more force than was necessary.

2. It appeared in evidence, that, the morning after his arrest, Hayes was brought before the police court and convicted of the crime of drunkenness, for which, as the defendant contended, he had been arrested the night before. The defendant requested the court to rule and instruct the jury that the conviction before the police court " was a conclusive adjudication that Hayes was drunk, as alleged in said complaint." The court refused to rule as requested, and instructed the jury, " that said conviction and sentence were not conclusive in this case, and that the jury might consider the whole evidence on the question of drunkenness." A judgment is never competent evidence against a person who was not a party in the action or proceeding in which it was rendered. He against whom it cannot be enforced is not permitted to use it for his own benefit, or to the disadvantage of his adversary. *Globe Works* v. *Wright,* 106 Mass. 207. *Commonwealth* v. *Waters,* 11 Gray, 81. The judgment in evidence was recovered by the Commonwealth against Hayes, and could not be used as proposed at the trial. The defendant cannot complain of the instruction given to the jury. It was sufficiently favorable to him.                    *Exceptions sustained.*

*H. I. Bartlett,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.