### 1854. KING *v.* THE STATE.

HILL, C. J.  1. The right of a municipal peace officer, within the jurisdiction of the municipality, to arrest without a warrant one who has violated an ordinance of the city in his presence, or who is endeavoring to escape, is settled by the statute law of this State and the repeated rulings of this court and the Supreme Court. Penal Code, § 896; *Jenkins* v. *State,* 3 *Ga. App.* 146 (59 S. E. 435); *Holmes* v. *State,* 5 *Ga. App.* 166 (62 S. E. 716); *Johnson* v. *State,* 30 *Ga.* 426; *Johnson* v. *Americus,* 46 *Ga.* 81; *Harrell* v. *State,* 75 *Ga.* 842; *Yates* v. *State,* 127 *Ga.* 818 (56 S. E. 1017).

2. A peace officer, State, county, or municipal, who has arrested without a warrant, "shall, without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant," but the exigencies of the particular .case may authorize him to imprison the person so arrested temporarily and for a reasonable time. Penal Code, §§ 899, 901; *Moses* v. *State,* ante, 251 (64 S. E. 699).

3. No error appears, and the evidence supports the verdict.

          *Judgment affirmed.*

Indictment for assault with intent to murder, from Floyd superior court—Judge Wright.  April 8, 1909.

Submitted May 18,—Decided June 15, 1909.

*W. B. Mebane, M. B. Eubanks,* for plaintiff in error.

*John W. Bale, solicitor-general, C. H. Porter,* contra.