## 4765.   HOLLIDAY *et al. v.* COLEMAN.

Under the testimony of the plaintiff, he was not guilty of any criminal offense, and his arrest without a warrant justified an award of damages against the officer who made the arrest and the persons who procured him to do so. There was no error in the extract from the judge's charge of which complaint is made; and the instruction requested which the court refused to give was fully covered by the charge given.

DECIDED JUNE 10, 1913.

Action for false imprisonment; from city court of Dublin— Judge Hicks. January 18, 1913.

*S. W. Sturgis,* for plaintiff in error. *T. E. Hightower,* contra.

POTTLE, J. This was an action for damages for false imprisonment. The plaintiff testified that certain of the defendants, without authority from him and without instituting condemnation proceedings in behalf of a telephone company which they represented, began erecting telephone poles on his land and stringing wires along the poles. He ordered the poles removed, and, when the defendants refused to remove them, he began pulling them down. Thereupon a constable was sent for, and, by the direction of the other defendants, arrested the plaintiff, without a warrant, and detained him for about an hour and a half, and released him upon his agreement not to cut down the poles. The plaintiff recovered a verdict of $75, and the defendants' motion for a new trial was overruled.

To arrest one illegally and detain him for any length of time is a criminal offense. Penal Code, § 106. It is likewise a tort for which an action for damages will lie. Civil Code, § 4447. If the imprisonment is by virtue of a warrant, good faith is a defense. Civil Code, § 4448. If the imprisonment be the act of several persons, they may be sued jointly or severally. Civil Code, § 4449. If the detention be under legal process, probable cause for issuing the process constitutes a defense, both in an action for damages and in a criminal prosecution. Bad faith or malice may be inferred from a total lack of probable cause. In this State an arrest for a misdemeanor, without a warrant, is illegal, unless the crime was committed in the presence of the officer, or the offender is endeavoring to escape, or, for some other reason, there is likely to be a failure of justice. Penal Code, § 917; *King* v. *State,* 6 *Ga. App.* 332 (64 S. E. 1001), and cases cited. In the present case there was no warrant; and hence no amount of good faith or probable cause would excuse the defendants, for the arrest was illegal. Under the testimony of the plaintiff the defendants, and not he, were guilty of criminal trespass. They were making an unauthorized invasion and appropriation of his premises. He had a right to use whatever force was necessary to resist this invasion. The erection of the telephone poles was without any lawful authority whatever, and the plaintiff had a right to remove them. Being wrong-doers themselves the defendants are not in the position to complain of the

method which the plaintiff employed to remove the poles from his land. The trial judge charged the jury the principles above announced, and there was no error in so doing. He refused a request to charge that if the plaintiff had consented for the poles to be put upon his land, he would be guilty of a criminal trespass if he cut them down. Without reference to whether this request was in all respects sound, it is sufficient to say that it was substantially covered by the general charge, because the judge distinctly instructed the jury that if the telephone company had acquired the right to erect the poles, either by condemnation proceedings or by permission of the plaintiff, the officer had the right to arrest the plaintiff while engaged in the act of cutting the poles down. The recovery in the plaintiff's favor was quite small, and affords the defendants no just cause for complaint.    *Judgment affirmed.*