### 5512.   THOMPSON *v.* THE STATE.

RUSSELL, C. J.   1. On the trial of one indicted for receiving stolen goods, it was error for the court to permit a person who had been subpœnaed and sequestered as a witness for the defendant, but had not testified, to be brought before the jury and identified by a witness for the prosecution "as the principal who went with him and helped him to get" the goods, "and as the man who had been convicted the day before of stealing" the goods; counsel for the accused objecting on the ground that this would tend to impeach the testimony of the person so identified. The only probable purpose and effect of such identification was to assail his general credibility if he should subsequently testify in behalf of the accused (as he did), and to detract from the weight to be given to his testimony. The credibility of a witness can not properly be attacked until after he has been examined, and evidence can not be introduced for the purpose of impeaching a person merely because it is probable that he may be introduced as a witness.

2. A statement by counsel that the use of certain evidence admitted in the case is to be restricted to a single purpose is not a substitute for proper instructions on the part of the court, limiting the use of that evidence to its proper application. It is the duty of the court, and not of counsel, to instruct the jury as to the law.

3. The record of the trial and conviction of the alleged principal is admissible in the trial of one charged with the offense of receiving stolen goods, as evidence that the principal has been convicted, and as prima facie proof of the guilt of the principal, but the record of the conviction of the principal is not evidence of the guilt of the accessory; consequently it is error for the court, over objection of the defendant, to admit such record, with the mere statement that it is admitted as a circumstance in the case, unless the jury be expressly told by the court at that time, or later, in the charge of the court, that the use of this evidence is restricted to the purpose of showing the guilt and conviction of the principal, and that the record is not to be considered in determining whether the accused himself is guilty, as charged, of receiving the goods alleged

---

NOTE.   See footnote on page 817, ante.

to have been stolen. Proof that there was a principal in the commission of the crime, and that the principal is the person named as such in the accusation, may be supplied by the record, but the guilt of the accused as an accessory must be established as an independent fact, and to the satisfaction of the jury beyond a reasonable doubt.

4. "An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the defense upon which the accused relies is properly submitted to the jury in other parts of the charge." 12 Cyc. 616. Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial.

                    *Judgment reversed. Broyles, J., not presiding.*
                    DECIDED DECEMBER 24, 1914.

Accusation of receiving stolen goods; from city court of Blackshear—Judge R. G. Mitchell Jr. January 8, 1914.

The motion for a new trial contained the grounds that the verdict was contrary to law and to the evidence, and the following grounds: (1) "Because the court permitted the witness Lewis Thomas to be brought from the witness-room and identified by the witness on the stand for the State, Willie Lanier, as the principal who went with him and helped him get the meat, and as the man who had been convicted the day before of stealing the meat. The defendant then and there urged the following objections: that Lewis Thomas was there as a witness, and to come around before the jury for identification as the principal thief and as the accomplice of the witness on the stand, and as the man who had been convicted the day before for stealing the meat, would tend to impeach his testimony before the jury. (The solicitor asked that said Lewis Thomas be brought for identification only.) This objection was overruled." (2) "Because the court admitted in evidence the accusation with the verdict of guilty on it against the principal, Lewis Thomas. The defendant then and there urged the following objection: that the accusation with the verdict of guilty on it against the principal was not admissible to show the guilt of the accessory then on trial; which objection the court overruled with the following statement: 'It is admitted as a circumstance in the case.'" (3) "Because the court stated in the presence of the jury, at the time the accusation was admitted in evidence: 'It is admitted as a circumstance in the case.'" (4) "Because the court failed to

make any allusion whatever to the accusation with the verdict of guilty on it against the principal, then in evidence against the accused, in the charge to the jury, after verbal request by counsel for the defendant to charge that it was not conclusive of the guilt of the principal, and the law applicable to this contention being read and discussed before the court and jury, as contained in *Anderson* v. *State, 63 Ga.* 675, 3d headnote." (5) "Because the court failed, in the charge to the jury, to make any allusion whatever to the contention of the defendant that the meat which it was alleged he received, and which was found in his bed, was placed there without his knowledge and consent, by another person, to divert suspicion from the real thief and lay the crime on the accused." (6) "Because the charge as a whole gives to the jury only the contentions of the State and the law applicable thereto, and does not charge the contentions of the defendant." (7) "Because the court charged the jury as follows: 'It is charged by the State in this accusation, which you will have out before you, that one Lewis Thomas committed the crime of larceny from the house, of a certain quantity of meat, and that this defendant now being tried took and received this meat from the said Lewis Thomas, knowing at the time that the said meat was stolen property, and that the crime charged against Lewis Thomas was a misdemeanor under the law, and that if Thomas was guilty of a misdemeanor, then this defendant would also be guilty of a misdemeanor.'" (8) "Because (in view of the omissions as complained of in paragraphs 4, 5, and 6 of this amended motion, in the charge of the court to the jury) the court stated in the charge to the jury, in conclusion, as follows: 'These are the rules of law which the court thinks necessary to enable you to arrive at a proper determination of your verdict in this case.'"

*O. M. Smith, A. O. Bray,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.

---

NOTE. See footnote on page 817, ante.