33294.   GOODWIN *v.* ALLEN *et al.*

DECIDED MARCH 16, 1951.   REHEARING DENIED MARCH 28, 1951.

*William A. Thomas,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for defendants.

WORRILL, J.   Mrs. William Goodwin brought an action against Y. Howard Allen and Henry G. Mann, police officers of the City of Atlanta, for false arrest.   The defendants answered, denying the material portions of the plaintiff's petition, and further pleading justification for the arrest, which they admitted.   Upon the trial of the case, the jury returned a verdict for the defendants. The plaintiff made a motion for a new trial on the general grounds which she amended by the addition of four special grounds.   The trial court overruled that motion and the exception here is to that order.   So much of the facts as may be necessary to a clear understanding of the rulings made will be set out in the opinion.

■   Ground four of the motion complains because the trial court excluded evidence of the testimony of an eyewitness to the arrest given before the Recorder of the City of Atlanta, on the trial of the criminal charges brought by the defendants against the plaintiff, said eyewitness, being at the time of the trial of this case "beyond the limits of the State and inaccessible."

In this ground of the motion the plaintiff states that it was shown to the court that the witness was beyond the limits of

the State and inaccessible. The trial court having certified to the truth of the averments of fact contained in the motion for new trial, and this statement, not being controverted anywhere in the record, must be taken as true. Further, it appears from the evidence in the record that the witness in question was in the home of the plaintiff at the time of the arrest for which this action was brought and was, as a matter of fact, arrested along with the plaintiff and transported to jail with the plaintiff, in connection with the same criminal charge, and the evidence excluded shows that on the trial in the Recorder's Court of the City of Atlanta, of the charge brought against the plaintiff by the defendants, acting as prosecuting witnesses, this witness denied the charges made against the plaintiff and the witness, and she rather vehemently denied all of the statements by the defendants of substantiating facts, relied upon by the defendants as justification, which were testified to on that occasion by them and again on this trial. Upon the trial of the issue of the guilt of the plaintiff in the Recorder's Court, the judge thereof found the plaintiff not guilty and dismissed the case.

"The testimony of a witness, since deceased, or disqualified, *or inaccessible for any cause,* given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Code, § 38-314. (Italics ours.) In *Estill* v. *Citizens & Southern Bank,* 153 *Ga.* 618, 623 (113 S. E. 552), it was said that the law is plain that if a witness, at the time of the trial resides beyond the limits of the State, he is inaccessible and his testimony on a former trial should be admitted by the court, and further, that if a prima facie showing of such inaccessibility is made, it is sufficient. The motion shows that such evidence excluded would have strongly tended to contradict much of the testimony of the defendants, as to certain facts and circumstances relied on by them to show the plaintiff's guilt of the charges brought by them, and it is probable that the exclusion of this evidence was harmful to the plaintiff's case. Such testimony was given on a former trial of the case, under oath, where the issue was exactly the same as on this trial, namely the guilt or innocence of the

plaintiff of the charges brought against her by the defendant arresting officers, and the motion shows that the defendants were present when the testimony was given, and that they were 'actively prosecuting the plaintiff and the witness on the charge made by them and that they exercised the right of cross-examination of the witness. In the absence of anything to the contrary appearing, the showing of inaccessibility of the witness, as set forth in the motion for a new trial, was a prima facie one, and under the rules of law enunciated above, and in view of the facts to which the witness testified, as set forth in the motion, the trial court erred in excluding this evidence. See, in this connection, *Gavan* v. *Ellsworth,* 45 *Ga.* 283 (4), and *Estill* v. *Citizens & Southern Bank,* supra, and cit.

■ The second special ground of the motion complains of the exclusion from evidence of a statement made by the plaintiff, and the reply thereto of a doctor who was making an examination of her, the day following her arrest by the defendants, while the plaintiff was out of jail on bond, and when she had voluntarily returned to the police station for a physical examination of her person. Without going into the details of this exception, we will say merely that it is not apparent from this ground of the motion for a new trial how this testimony was relevant to or had any bearing on the issues in the case between the plaintiff and these defendants, or how its admission would have benefited the plaintiff or how its exclusion harmed the plaintiff. Furthermore, it does not appear that the alleged offensive remark of the doctor was made by him as an agent of the defendants or by their direction or with their consent, or that they should have anticipated such an occurrence or that they were in any way responsible therefor. For these reasons this ground of the motion was without merit.

■ Ground 6 of the amended motion complains of the following excerpt from the charge of the court: "It is provided by statute in this State that an arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Our statute also provides that a private person may arrest an of-

fender, if the offense is committed in his presence or within his immediate knowledge; and this last section that I stated to you as to the right of private persons would apply also to a police officer, as the defendants in this case.

"Now, gentlemen, where the statute says that a person may arrest another if the offense is committed in his presence or within his immediate knowledge, I charge you that an officer in this State may arrest one for a crime committed in his presence without a warrant. A crime is committed in the presence of an officer if he sees it committed or by the exercise of any of his senses he has knowledge, together with what he sees, that a crime is being committed by the person sought to be arrested.

"Now, in considering, gentlemen, whether a crime was committed in the presence of these officers in contemplation of the statute which I have just read you, you will bear in mind two criminal statutes which I will now read to you, which it is contended by the defendants in this case were violated by the plaintiff in this case.

"One of these statutes reads as follows: Any person who shall maintain and keep a lewd house or place for the practice of fornication or adultery, either by himself or others, shall be guilty of a misdemeanor. And this statute as follows: Any person who shall keep and maintain, either by himself or others, a common, ill-governed, and disorderly house to the encouragement of idleness, gaming, drinking, or other misbehavior or to the common disturbance of the neighborhood or orderly citizens, shall be guilty of a misdemeanor. And, if you find, gentlemen, that the plaintiff in this case, Mrs. Goodwin, was guilty of violating those statutes, one or either of them, you would have to find in favor of the defendants. And by that I mean, that if a violation of these was within their knowledge, under the circumstances as to which I have just explained to you, as to what in making such arrest in order to justify the same without a warrant."

One of the exceptions to this charge is that, "It was confusing to the jury for the reason that in addition to there being no evidence of gaming, idling, drinking in the house and there being no evidence of this or any other such crimes or alleged crimes being committed 'in the presence' of the defendants, not

even fornication, there being no man there and no evidence of any such illegal conduct on the part of the said Mrs. Goodwin, the jury were misled to believe that the jury were entitled to find for the defendants if there had ever been any such misconduct in said house of Mrs. Goodwin, at other times, rather than then and there in their (the defendants') presence."

This ground of the motion is well taken for the reason that the evidence was not sufficient to authorize the jury to find that the alleged crime was being committed by the plaintiff in the presence of the officers at the time they made the arrest. The charge given stated a correct principle of law, but was not authorized by the evidence.

■ The final special ground of the motion for new trial complains of the failure of the court to charge the jury substantially as follows: "Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law; and the burden of proving the existence of the facts raising the exception is upon the person making the arrest or inflicting the imprisonment. If authority for the arrest is shown the presumption is that it was made legally for a lawful purpose, and the burden of proof is upon the person asserting the contrary." It is contended that the principle therein stated was adjusted to the facts and circumstances of the case, and that the general charge nowhere embodied this principle, and that it was applicable to the case and should have been given by the court, and that it was error for the court to fail to give it, even without a request.

After carefully considering this contention of the plaintiff in error, we have come to the conclusion that the trial court did not err in failing to charge the jury in this exact language in the absence of a timely written request. This statement of the law is taken from the case of *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672(3), 680 (72 S. E. 51), and that it states a correct principle is beyond dispute. However, portions of the charge in this case, while not in the exact language of this statement, nevertheless sufficiently cover the principles embodied in the charge set out in this ground, and in the absence of a timely

written request for a charge in this exact language, it was not error for the court to fail to so charge the jury.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment reversed.   All the Judges concur.*