## 36631. HENDERSON *v.* THE STATE.

Decided May 28, 1957.

*Frank M. Gleason,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.

Carlisle, J. The defendant, Joe Henderson, was tried and convicted under an indictment charging that he "did unlawfully arrest, confine and detain Henry Brown, without process, warrant, or legal authority to justify it, in the county jail at Ringgold, Georgia. . ."

The defendant's motion for new trial, based on the usual general grounds and eight special grounds, was denied, and he assigns error on that judgment.

Under the view which this court takes of the case, the controlling issue is contained in special ground 7 of the amended motion for new trial which is quoted here:

"The court erred in failing, without a written request being made, to give the jury appropriate instructions on every substantial issue in the case presented by the evidence. The controlling issue in this case was whether or not the defendant, under the physical facts and circumstances of Brown's car being partly on and partly off the highway, in a position dangerous to other users of the highway, on a sharp curve which was wet, slick and dangerous, with the motor running, and Brown, himself, under the wheel, spinning his wheels in soft dirt, with his eyes red and swollen, apparently unable to talk, or else being sullen and refusing to talk when spoken to, coupled with his staggering around when he got out of his car, all of which occurred in the presence of the defendant, a member of the State Highway Patrol, afforded probable cause for defendant to arrest Brown without a warrant.

"The court did not charge on this vital and controlling issue.

"Certainly the defendant, charged by law (Section 92A-329, Code) [sic, Code Ann. Supp. 92A-239?] was required to investigate incidents of this nature and to safeguard the lives and property of the public on highways. From what he saw, he concluded in good faith that Brown was driving under the influence of intoxicants or drugs. One is guilty of driving under the influence when he is so affected by the intoxicant, as to make him less safe to drive the vehicle. Under the law, it became his duty to arrest Brown without a warrant. Had the jury been instructed on this vital and controlling issue, it would have understood what issue it was trying. Instead, the jury was told that if Brown was unlawfully arrested, the defendant would be guilty of the offense charged."

Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass

upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, withdraws that defense from the jury, and to that extent prejudices the defendant's right to a fair and impartial trial (*Thompson* v. *State*, 16 *Ga. App.* 832 (4), 84 S. E. 591), and it is error for the trial court to omit calling the attention of the jury to that defense whether or not he is requested to do so. *Reed* v. *State*, 15 *Ga. App.* 435 (83 S. E. 674), and citations.

"It shall be the primary duty of the Uniform Division of the Department of Public Safety to patrol the rural and public roads and highways throughout this State, to prevent, detect and investigate criminal acts and to arrest and apprehend those charged with committing criminal offenses appertaining thereto, and to safeguard the lives and property of the public." Code (Ann. Supp.) § 92A-239; Ga. L. 1937, pp. 322, 337.

"They [the Uniform Division of the Department of Public Safety] shall not exercise any power of arrest except for offenses arising for violation of the traffic laws or laws regulating the use, ownership and control of motor vehicles, or for offenses committed upon the highways of the State. . ." Code (Ann. Supp.) § 92A-242.

Under the terms of Code (Ann. Supp.) § 68-1625, it is unlawful for any person who is under the influence of intoxicating liquor to drive or operate any vehicle; and, it is unlawful for any person who is a habitual user of, or under the influence of any narcotic drug, or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle in this State.

"False imprisonment is a violation of the personal liberty of a person and consists in confinement or detention of such person without sufficient legal authority." Code § 26-1501.

"Any person who shall arrest, confine, or detain a person without process, warrant, or legal authority to justify it, shall be guilty of a misdemeanor." Code § 26-1502.

"An arrest for a crime may be made by an officer . . . without a warrant if the offense is committed in his presence . . ." Code § 27-207.

"The motives, good faith, and purpose of the defendants are

legitimate matters of defense to be considered by the jury in passing upon the false imprisonment indictments, as they negative the idea of criminality. McCarthy *v.* De Armit, 99 Pa. 63, and Taylor *v.* American International Shipbuilding Corp., 275 Pa. 229, 119 A. 130." Commonwealth *v.* Trunk, 311 Pa. 555 (167 Atl. 333); Commonwealth *v.* Cheney, 141 Mass. 102 (6 N. E. 724, 55 Am. R. 448). There is evidence from which the jury would be authorized to find that the defendant in good faith and with probable cause arrested the prosecutor for drunkenness, and any facts, circumstances, or information on which the officer (the defendant) acted in making the arrest are admissible, not as proof of the facts, but as evidence that the officer in making the arrest did so upon reasonable ground of suspicion. *Johnson* v. *State*, 30 *Ga.* 426 (6). In Forsythe *v.* Ivey, 162 Miss. 471, 478 (139 So. 615), it was held: "Drunkenness in a public place is a misdemeanor. In making arrests, generally, for misdemeanors committed in the presence of officers, there must be in fact a misdemeanor committed or threatened, but in the case of drunkenness, policemen must act upon appearances, and the evidence in this case clearly presents a case where the policemen were warranted in believing that the plaintiff was drunk at the time of the arrest."

It is evident in this case that the jury was authorized to find that the defendant had probable cause to believe that the prosecutor was intoxicated and operating a motor vehicle on the public highway and that he was justified in making the arrest without a warrant for this offense committed in his presence and this being the defendant's sole defense, he was deprived of a fair trial when the judge did not instruct the jury upon such defense.

Since the jury was authorized to find that the prosecutor was legally arrested, the evidence did not demand the finding that the prosecutor was illegally detained or confined. The evidence as to his drunkness varied from complete sobriety to total drunkness, and the prosecutor himself testified: "Mr. Brown, actually this allegation of yours, here in this indictment, you allege that you were detained without process, warrant, or legal authority, it is not correct is it, (?) the only reason you were detained was

so that you could waive trial by the ordinary and give bond, isn't that correct? A. Yes, sir."

As the case must be remanded for a new trial, and the other assignments of error are such as are not likely to recur upon another trial, such assignments of error are not considered here.

There having been a dissent to the original opinion reversing this case, the case was, pursuant to the Act of the General Assembly, approved March 8, 1954 (Ga. L. 1945, p. 232, Code (Ann. Supp.) § 24-3501, considered by the court as a whole.

*Judgment reversed. Felton, C. J., and Gardner, P. J., concur. Quillian, J., concurs specially. Townsend and Nichols, JJ., dissent.*

QUILLIAN, J., concurring specially. I concur in the result of the majority opinion. From the holding in *Piedmont Hotel Co. v. Henderson*, 9 *Ga. App.* 672 (6) (72 S. E. 51), a case of the nature we now consider, the arrest and detention are parts of a single legal transaction, elements of one offense. If the defendant arrested the person of another illegally, he could not then legally detain or imprison him. If he arrested such person legally, illegally detaining him would have the effect of converting the legal arrest into an illegal arrest.

The defendant's animus or good faith in both making the arrest and detaining the prosecuting witness in this case was vital. The court should have so instructed the jury. One of the best settled rules of criminal law is that there can be no crime unless there was in the defendant's conduct a union or joint operation of act and intent to violate the law or a culpable negligence on his part.

The court likewise erred in failing to instruct the jury as to the elements of the offense. In *Habersham v. State*, 56 *Ga.* 62 (2), the Supreme Court through Justice Bleckley said: "On the trial of a prosecution for aiding to escape from custody, the fact of custody is for the jury, and so also is the legality of that particular custody. The court should acquaint the jury with the needful rules of law to enable them to distinguish legal from illegal custody, and let them make the application thereof to the facts in evidence."

Certainly the holding is equally applicable to a cause of illegal arrest and detention.

In reference to the duty of the arresting officer to carry the accused before a magistrate, it was held in *King* v. *State,* 6 *Ga. App.* 332 (2) (64 S. E. 1001): "A peace officer, State, county, or municipal, who has arrested without a warrant, 'shall, without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant', but the exigencies of the particular case may authorize him to imprison the person so arrested temporarily and for a reasonable time. Penal Code, §§ 899, 901; *Moses* v. *State,* ante, [6 *Ga. App.* 251] (64 S. E. 699)."

The fourth headnote of *Habersham* v. *State,* 56 *Ga.* 62, supra, reads: "Custody by a private person after a legal arrest without warrant, becomes illegal if protracted for an unreasonable time, and whether the time was reasonable or unreasonable is a question for the jury, under proper instructions from the court as to the promptness which the law exacts in conveying the party arrested before a magistrate."

It does not appear from the record that the press of official business, or other exigencies of the case did not justify the defendant in leaving the prosecution witness in jail temporarily and for a reasonable time, and it was certainly a question for the jury as to whether less than an hour was a reasonable time in which to hold him in custody before carrying him before a magistrate.

In *Harris* v. *City of Atlanta,* 62 *Ga.* 290 (3) four days, and in *Ocean Steamship Company* v. *Williams,* 69 *Ga.* 251 (9) twenty-six hours elapsed subsequent to the arrest before the person detained was presented to a magistrate. In both cases it was held to be a question for the jury whether the period of detention was reasonable.

TOWNSEND, J., dissenting. The defendant, a State Trooper, was indicted under Chapter 26-15 of the Code of Georgia. The subject of the Chapter is "False Imprisonment". False imprisonment is defined under § 26-1501 as "a violation of the personal liberty of a person and consists in confinement or detention of such person without sufficient legal authority."

Code § 26-1502 entitled "Punishment" provides as follows: "Any person who shall arrest, confine, or detain a person without

process, warrant, or legal authority to justify it, shall be guilty of a misdemeanor." The evidence, including the defendant's statement is undisputed that the prosecuting witness was arrested by the defendant and charged by him with the offense of operating a motor vehicle while under the influence of intoxicants; that the prosecuting witness was conveyed by the defendant directly to the county jail at Ringgold and locked up by the negro janitor at the jail under the supervision and direction of the defendant; that a ticket charging the prosecuting witness as aforesaid was left at the jail together with the driver's license of the prosecuting witness by the defendant, who then left the jail with the prosecuting witness locked up in it.

Code § 27-207 provides as follows: "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant."

Code § 27-212 provides as follows: "In every case of an arrest without warrant, the person arresting shall, without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose."

The case, by the majority opinion, is being reversed because of failure on the part of the court to charge good faith in making the arrest by the defendant as a defense against the crime of false imprisonmnt of which he was convicted. On the question of whether or not good faith in making such an arrest constitutes a defense to this crime see *Holliday* v. *Coleman*, 12 *Ga. App.* 779 (78 S. E. 482), and *Goodwin* v. *Allen*, 83 *Ga. App.* 615 (3) (64 S. E. 2d 212). However, assuming without admitting, that such good faith in making the arrest constitutes a defense to an unlawful arrest, the statement of the defendant, the testimony of his associate officer, and the testimony of two State's witnesses is without conflict and demands the conclusion that this arresting officer, who made the arrest without a warrant, did not convey the alleged offender before the most convenient officer authorized to receive an affidavit and to issue a warrant. To comply with this law, arresting officers cannot legally at 3 o'clock on the after-

noon of a weekday, in a county-seat town take an alleged offender directly to a jail located within a stone's throw of the county courthouse wherein the ordinary's office is housed and cause such person without a warrant to be incarcerated. The prosecuting witness here was both confined and detained without process, warrant or legal authority to justify it. The evidence is bereft of any exigency showing a necessity or convenience for locking up the prosecutor before getting a warrant. From the evidence it is apparent that it would have been fully as convenient to have procured the warrant first. In fact the evidence here demands the conclusion that this defendant never intended to get a warrant. When he finished getting the prosecutor locked up he left the jail and the prosecutor to his fate. Surely we who are charged with the preservation of the sanctity of liberty must recognize with disapproval this desecration.

I am authorized to state that Nichols, J., concurs in this dissent.