A91A0359. WELLS v. THE STATE.
(407 SE2d 86)

McMURRAY, Presiding Judge.

An indictment charged defendant in Count 1 with impersonating an officer in that, on January 22, 1990, defendant did "falsely hold himself out to be a police officer to Jack Anderson and William Arnsdorf, with the intent to mislead said individuals into believing that he was actually such [an] officer. . . ." Additionally, the indictment charged defendant in Counts 2, 3, 4, 5 and 6 with five counts of public indecency. In this regard, the indictment charged that defendant lewdly exposed his sexual organ in a trailer park on five different dates: July 15, 1989, July 30, 1989, November 22, 1989, December 28, 1989 and January 22, 1990.

Following a jury trial, defendant was convicted of impersonating an officer and two counts of public indecency in Counts 2 and 6 (on July 15, 1989 and January 22, 1990). Defendant's motion for a new trial was denied and defendant appealed. *Held*:

1. With regard to the offense of impersonating an officer, the evidence demonstrated the following: On January 22, 1990, a young girl saw a black male masturbating in an automobile which was parked in a trailer park. The girl ran home and told her father, brother and brother-in-law what she saw. The father called the police. The brother, brother-in-law and two friends, William Orsondroff (reflected as "Arnsdorf" in the indictment) and Jack Anderson, went looking for the perpetrator. They took separate cars.

Orsondroff and Anderson came upon defendant in the trailer park as he was attempting to make a left turn and they cut him off, pulling in front of him. Orsondroff got out of the car and approached defendant. Angrily, he accused defendant of showing his "thing" to little girls. The two men began to fight and Anderson joined the fray.

Blows were exchanged until Orsondroff put a half-Nelson on defendant. At that point, defendant said he was a police officer. Fearing that they had stopped the wrong man, Orsondroff and Anderson let defendant go. Defendant got into his car and started to drive off when the police came. They arrested defendant immediately. Defendant told the police that the only reason he said he was a police officer was because he was in a fight and he wanted to get Orsondroff and Anderson off of him.

At trial, defendant testified that he sprayed his apartment on the night in question with an insecticide and that he decided to take a drive until the air was cleared of the fumes. He drove a short distance to the trailer park. Inside the park, defendant noticed that a car was following him. He tried to make a left turn but he was cut off. Two men jumped out of the car and approached defendant. They were "swinging at me, cussin' at me and pulled me out of my car and had me subdued. . . . I didn't know who these people were. It was dark. These were white guys. I didn't know what they were going to do to me. . . . They grabbed me and told the other guy, F[____] him up. He said, F[____] him up. And I don't know what that means. It doesn't sound that good to me so I felt like my life was in danger, you know. It seemed like they were going to do some kind of bodily harm to me or something so I [knew] I had to do something to get out of that situation. I mean I didn't have nothing to defend myself and I didn't know what they had. They could have guns, knives, bats, and I've always heard about situations like that. People getting killed, you know. . . . I told them that [I was a police officer] because I felt like my life was in danger. . . . I didn't have any other way of defending myself. I used my head."

In light of the evidence adduced at trial, defendant contends the trial court erred in failing to charge the jury on justification as a defense to the crime of impersonating an officer. We agree.

Defendant admitted telling Anderson and Orsondroff that he was a police officer. His sole defense to the crime of impersonating an officer was justification. OCGA § 16-3-20 (6). Nevertheless, the trial court did not so much as mention justification in its charge.

"It has been held many times that where the sole defense in a criminal case is not charged, even without a request, such failure constitutes reversible error. See *Reed v. State*, 15 Ga. App. 435 (1) (83 SE 674); *Thompson v. State*, 16 Ga. App. 832 (4) (84 SE 591); *Henderson v. State*, 95 Ga. App. 830 (99 SE2d 270)." *McRoy v. State*, 131 Ga. App. 307, 308 (3) (205 SE2d 445). See also *Jackson v. State*, 154 Ga. App. 867, 869 (270 SE2d 76). Inasmuch as the trial court failed to charge defendant's sole defense to the crime of impersonating an officer, his conviction for that crime must be reversed.

2. During closing argument, the assistant district attorney said

"Mr. Wells cannot give us any reason whatsoever why he was there." Defense counsel interposed an objection, asserting the argument was "burden shifting." The trial court overruled the objection.

In his second enumeration of error, defendant contends the trial court erred in permitting the assistant district attorney to "improperly shift the burden of proof" to defendant during closing argument. This contention is without merit. The assistant district attorney merely commented on defendant's failure to give an adequate explanation for his presence in the trailer park. We fail to see how this comment shifted the burden of proof to defendant. See generally *Tucker v. Francis*, 723 F2d 1504, 1514 (11th Cir. 1984) (when a defendant testifies voluntarily to the merits, the prosecutor may comment on the defendant's failure to explain incriminating evidence).

3. Defendant's contention that the trial court erred in admitting in evidence a pre-trial photographic identification of defendant is without merit. No objection was lodged with respect to such evidence. See *Davis v. State*, 172 Ga. App. 787, 789 (4) (324 SE2d 767).

4. In view of our ruling in Division 1, defendant's remaining enumeration of error (asserting trial counsel was ineffective because he failed to timely request a charge on justification) is moot.

5. In view of our holding in Division 1, defendant's conviction for impersonating an officer in Count 1 is reversed. Defendant's convictions on two counts of public indecency in Counts 2 and 6 are affirmed.

*Judgment affirmed as to Counts 2 and 6; reversed as to Count 1. Sognier, C. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I concur in the judgment, but write separately to elaborate on the underlying basis for applying the defense of justification as defined by OCGA § 16-3-20 (6).

The affirmative defense of justification is codified at OCGA § 16-3-20 and provides: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed: (1) When the person's conduct is justified under Code Section 16-3-21 [Use of force in defense of self or others], 16-3-23 [Use of force in defense of habitation], 16-3-24 [Use of force in defense of property other than a habitation], 16-3-25 [Entrapment], or 16-3-26 [Coercion] of this article; (2) When the person's conduct is in reasonable fulfillment of his duties as a government officer or employee; (3) When the person's conduct is the reasonable discipline of a minor by his parent or a person in loco parentis; (4) When the person's conduct is reasonable and is performed in the course of making a lawful arrest; (5) When the person's conduct is justified for any other reason under the laws of this state; or (6) In all

other instances which stand upon the same footing of reason and justice as those enumerated in this article."

Subsection (6) applies when the otherwise criminal conduct at issue cannot be justified under the criteria set out in the other enumerated subsections of OCGA § 16-3-20, but a rational basis exists to assert that such conduct is justified because it stands "upon the same footing of reason and justice as those enumerated in this article." Whether conduct is justified by fitting within the criteria of subsections (1) through (5), or whether it stands upon the same footing as these defenses is necessarily dictated by the facts of each case.

Here, there is evidence to support the defendant's contention that he falsely held himself out as a police officer in an attempt to avoid an immediate and reasonably perceived threat of serious bodily injury to himself. Though this conduct is analogous to conduct justified under OCGA §§ 16-3-21 (Use of force in defense of self or others) and 16-3-26 (Coercion), it does not fit within the parameters of either. Self defense does not apply because the defendant used verbal deception rather than force to defend himself. Coercion does not apply because those threatening the defendant were not attempting to coerce or compel him to impersonate a police officer, rather he chose that conduct as a defense to the threat.

The defendant was entitled to a charge on justification under subsection (6) because the facts support a rational connection between his conduct and the defenses of self defense and coercion which places his conduct on the same footing of reason and justice as these defenses. Both the self defense and coercion defenses may be understood as justifying otherwise criminal conduct "on a common theme of 'lesser of two evils.'" Kurtz, Criminal Offenses & Defenses in Ga. (2d ed.), pp. 250-252. The use of force in self defense, or undertaking criminal conduct in submission to coercion, may be justified as an acceptable alternative to suffering death or great bodily injury, if the force used or criminal conduct undertaken is a reasonably proportioned response to an immediate threat. Under the circumstances confronting the defendant, his single false statement that he was a police officer, made in an attempt to dissuade an immediate attack and escape serious bodily injury, stands on the same "lesser of two evils" footing. The conduct was arguably a reasoned and proportional response to the perceived threat, therefore the defendant was entitled to invoke the defense of justification under OCGA § 16-3-20 (6).

In coming to this conclusion, I am not unmindful of the difficulty created for trial judges in identifying and framing a charge on the defense of justification under OCGA § 16-3-20 (6). However, the alternative under the facts of this case is to hold that the section has no meaning, and I am unwilling to do that.

DECIDED JUNE 20, 1991.

*Christine A. Van Dross,* for appellant.
*Douglas C. Pullen, District Attorney, James C. Bernard, Assistant District Attorney,* for appellee.