39978.   LEVERETTE v. THE STATE.

DECIDED APRIL 9, 1963—REHEARING DENIED MAY 3, 1963.

*Walton Hardin*, for plaintiff in error.

*Clete D. Johnson, Solicitor General, Williford & Grant, John W. Williford, William F. Grant*, contra.

JORDAN, Judge. ■ Special ground 1 of the amended motion which complains that the trial court erred in refusing to sustain the movant's challenge to a juror for cause, thus causing the defendant to "exhaust one of her 20 strikes" in removing said juror from the panel, presents no cause for a new trial since it does not affirmatively appear from said ground that the movant exhausted all of her strikes, or that she was injured by the court's ruling. *Ethridge v. State*, 163 Ga. 186 (1b) (136 SE 72); *Crews v. State*, 44 Ga. App. 546 (2) (162 SE 146).

■ The defendant admitted shooting the deceased with a .22 caliber pistol, her defense being that the shot was fired in self-defense in an attempt to frighten the deceased (who according to the defendant's testimony was standing within the front door of her home and was threatening her with bodily harm at the time of the shooting) and that said shot accidentally struck the deceased. In support of her defense the defendant, who had been sworn as a witness in her own behalf, testified that she had been terrified by the appearance of the deceased at her home on the evening of the shooting since, earlier in the day, she had

encountered the deceased in Calhoun Falls, South Carolina, where she had gone in search of her husband, and the deceased had violently beaten her, scarring her about the face. She also testified in regard to her experience with firearms and stated that "I had never loaded the gun [from which the fatal shot was fired] and I had never shot the gun before."

After the defendant had completed her testimony, the State presented various rebuttal witnesses who gave testimony to the effect that the defendant's husband, and not the deceased, had beaten the defendant on the occasion alluded to, that the defendant had admitted that the scarring of her face was caused by a beating administered by her husband, and that she had admitted firing the pistol with which she shot the deceased on an occasion prior to the occurrence in controversy. The testimony of these rebuttal witnesses was objected to on the ground that their testimony illegally put the defendant's character in issue and violated the law of the case as established by the prior decision of this court in *Leverette v. State,* 104 Ga. App. 743, supra; and the remaining special grounds assign error on the denial of the defendant's motions to strike said testimony.

These grounds are not meritorious for any reasons assigned, for the evidence complained of therein was clearly admissible for purposes of impeachment by disproving material facts testified to by the defendant and as proof of contradictory statements made by the defendant on matters relevant to her testimony and to the case under the provisions of *Code* §§ 38-1802, 38-1803; and the trial judge specifically instructed the jury that said evidence was being admitted for that purpose and that purpose alone. The defendant having been sworn as a witness in her own behalf in this case was subject to examination and cross-examination as any other witness under the provisions of *Code Ann.* § 38-415, "except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Ga. L. 1962, pp. 133, 134. Accordingly, while the defendant was not subject to impeachment by proof of general bad character or prior convictions in the manner provided by *Code* § 38-1804 unless and until she had put her character in evidence, she was

subject to impeachment, as any other witness, under the provisions of *Code* §§ 38-1802, 38-1803.

An examination of the record before this court on the prior appearance of this case discloses that the objectionable evidence concerned the defendant's alleged attempt to shoot her husband and was introduced by the State as evidence of a similar crime to that for which the defendant was then being tried in an attempt to prove her guilt of the latter offense. Such evidence was clearly inadmissible under the circumstances of the prior trial and, since it illegally put the defendant's character in issue, the admission of the same constituted reversible error. As pointed out above, the circumstances of the admission of the evidence objected to in this case were materially different, the evidence being offered in rebuttal for the purposes of impeachment only; and the trial judge severely limited the scope of the evidence admitted for such purpose (there being no evidence relating to the alleged attempt by the defendant to shoot her husband) and specifically instructed the jury as to the limited purposes for which said evidence was admitted. Consequently, the admission of the evidence complained of in this case was not in violation of the rulings made on the prior appearance of the case and was not erroneous for any reason assigned.

■ The general grounds of the motion for new trial have been abandoned and will not be considered by the court.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*