64811. BEDFORD v. THE STATE.

SHULMAN, Chief Judge.
Appellant was convicted of the sale of methaqualone and cocaine in violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.) (OCGA T.16, Ch. 13, A.2). In this appeal he enumerates eight alleged errors, four of which pertain to the charge of the trial court, one of which pertains to the admission into evidence of the drugs purchased from appellant by the undercover agent, one of which pertains to the court's limiting instruction on alleged hearsay testimony, and another concerning the

state's failure to produce at trial its "concerned citizen." The final enumeration challenges the trial court's denial of appellant's motion for new trial.

1. The challenges to the trial court's charge are without merit. The court specifically asked whether there were any exceptions to the charge, to which appellant's counsel made no response and no reservation of his right to object on motion for new trial or appeal. This clearly constituted a waiver of the right to raise error in the charge. *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855). See also *Lumpkin v. State,* 249 Ga. 834 (295 SE2d 86). However, we have reviewed the court's charge in its entirety and find no reversible error.

2. Appellant's enumeration of error relating to the admission of the methaqualone and cocaine and their evidence bags are likewise without merit. The asserted error is based solely on chain of custody grounds. No objection whatsoever was made to the introduction of the methaqualone and its evidence bag during trial. The objection at trial to the cocaine and its evidence bag was upon chain of custody grounds "because [the undercover agent] testified that he was not there on the date of this arrest. We don't know what happened from the time of the arrest until this [the cocaine] was turned over to [the undercover agent]." This objection was clearly based on an erroneous understanding of the agent's testimony and was properly overruled by the trial court. On appeal, the chain of custody objection is based on a discrepancy between the testimony of the custodial agent and the undercover agent, who was the custodial agent's superior, as to who physically placed the evidence bag containing the cocaine in the evidence locker. Since appellant made no objection to the introduction of the methaqualone and its evidence bag in the trial court, he cannot challenge the admission of that evidence on appeal. *Smith v. State,* 142 Ga. App. 406 (1) (236 SE2d 107). Likewise, appellant cannot challenge the admission of the cocaine and its evidence bag on the ground asserted because that ground differs from the ground of objection asserted in the trial court. *Kingston v. State,* 127 Ga. App. 660 (194 SE2d 675). Nevertheless, this enumeration is also without substantive merit, since the state clearly demonstrated a proper chain of custody for all the challenged exhibits.

3. Appellant's enumeration relating to the state's failure to produce at trial the concerned citizen who tipped the undercover agent is wholly without merit. "There is no requirement that the state call more witnesses than it needs to present its case." *Bell v. State,* 129 Ga. App. 783, 784 (201 SE2d 340). There is no indication in the record, and appellant does not argue, that he sought disclosure of the identity of the concerned citizen prior to trial, or even that he was not aware of the identity. Consequently, appellant's reliance on Roviaro v. United

States, 353 U.S. 53 (77 SC 623, 1 LE2d 639); and *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729), is misplaced.

4. Appellant objected to the court's limiting instruction concerning the undercover agent's testimony, on redirect examination, relating to a statement made to him by the concerned citizen. The testimony was relevant to the agent's conduct and handling of the investigation, and the court instructed the jury that they were to receive the testimony only for that purpose "and not to take what she told him as being true or not true." Appellant took no exception to the curative instruction and requested no other instruction. This enumeration is without merit. *Howard v. State,* 145 Ga. App. 615 (244 SE2d 126).

5. The remaining enumeration relates to the trial court's denial of appellant's motion for new trial. None of the grounds of alleged error presented in the motion for new trial but not addressed above is briefed on appeal. Consequently, they are deemed abandoned. Rule 15 (c)(2), Rules of the Court of Appeals of Georgia (Code Ann. § 24-3615 (c)(2)); *Watson v. State,* 162 Ga. App. 170 (290 SE2d 500).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983 —
REHEARING DENIED JANUARY 28, 1983 — 

*Alan C. Manheim,* for appellant.

*Thomas J. Charron,* District Attorney, *James T. Martin,* Assistant District Attorney, for appellee.