68335. DAVIS v. THE STATE.
(324 SE2d 767)

CARLEY, Judge.

A five-count accusation was filed against appellant, charging him with violations of the State's liquor laws. Appellant waived trial by

jury, and, at his ensuing bench trial, was found guilty on three counts. He appeals from the judgments of conviction and sentences.

1. Appellant filed a general Brady motion. After the State responded, appellant requested the trial court to conduct an in-camera inspection of the prosecution's files. See *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981). The trial court complied and found nothing exculpatory in the files that appellant had not already been provided. Pursuant to appellant's request, the prosecution's files were sealed and have been transmitted with the instant appeal. Appellant asserts that he "believes" that the files may contain statements and reports by witnesses who testified for the State and urges that this court make its own inspection to determine if such documents exist. If so, appellant contends that the trial court erred in failing to make those documents available.

When asserting an erroneous non-compliance with his Brady motion, "an appellant on appeal must show that exculpatory evidence was suppressed which was material." *Gross v. State*, 161 Ga. App. 489, 490 (288 SE2d 733) (1982). A mere belief that unspecified documents might exist in the prosecution's files is not sufficient to invoke an appellate review of the trial court's determination that nothing exculpatory is contained in the files. " 'The trial judge's discretionary ruling on the lack of exculpatory matter in the prosecution's files establish[es] that as a fact absent a counter-showing.' . . . '[A]t a minimum, the *fact of suppression* must be shown' on appeal." (Emphasis supplied.) *Barnes v. State*, 157 Ga. App. 582, 586 (278 SE2d 916) (1981). See also *Dickey v. State*, 240 Ga. 634, 637, fn. 1 (242 SE2d 55) (1978).

Moreover, even assuming that appellant's belief in the existence of undesignated documents was a sufficient showing of the *fact* of their suppression, there has been no further showing that those documents are "material." See *Roberts v. State*, 243 Ga. 604, 605 (1) (255 SE2d 689) (1979). "Absent a prima facie showing that materially exculpatory evidence is contained therein, the appellant is not entitled to a fishing expedition in the state's files, including the statements of witnesses." *Gross v. State*, supra at 491. "[A]ppellant has not shown, contrary to the [trial] court's statement that there was no exculpatory material in the file, what material was exculpatory, or that it would probably result in a different verdict. In the absence of such a showing, there is no requirement nor reason for this court to conduct its own examination of the file to see if the trial court misstated the facts. [Cit.] This enumeration presents nothing for review." *Camp v. State*, 162 Ga. App. 857, 858-859 (293 SE2d 389) (1982).

2. Certified copies of appellant's three previous convictions for State liquor violations were admitted into evidence. Appellant contends that he had not "opened the character door" prior to the

State's offer of this evidence and that, consequently, its admission was error.

The convictions were not offered and admitted as "character" evidence. They were offered and admitted as evidence which was impeaching of appellant's own testimony given on direct examination. See OCGA § 24-9-82; *Leverette v. State*, 107 Ga. App. 712, 713 (2) (131 SE2d 782) (1963). Accordingly, the issue is not whether the "character door" had been opened generally but whether the convictions were properly admitted as impeaching evidence.

Appellant first introduced the topic of his previous experience with selling beer and liquor when he testified on direct examination that, prior to the instant prosecution, he had not "had any problems with the city accusing [him] of selling beer and liquor and all that kind of stuff . . . ." Appellant contends that his testimony regarding a lack of previous "problems with the city" was not subject to impeachment by proof of his prior convictions for *State* liquor violations. Appellant did not, however, clearly limit his testimony to "problems with the city." In his subsequent direct testimony, appellant expanded on the topic by further denying that he had "had any problems with that" and then by further stating that his "problems [had] start[ed] subsequent to [his] filing" of a lawsuit against the city regarding a business license. Although appellant contends that this additional testimony was meant merely as an elaboration on his lack of previous "problems with the city," the thrust of appellant's entire testimony can easily be construed as a denial of *any* "problems" relating to the sale of liquor prior to the instant prosecution, regardless of the jurisdiction. See *Favors v. State*, 145 Ga. App. 864 (1) (244 SE2d 902) (1978). The trial court construed appellant's direct testimony as a blanket denial of any previous "problems" whatsoever regarding the sale of liquor and an assertion that the instant prosecution for liquor violations was his first. The prior convictions for liquor offenses were offered to impeach that assertion. We find no error in the admission of this evidence for impeachment purposes. See *Mitchell v. State*, 158 Ga. App. 628, 629 (2) (281 SE2d 260) (1981).

3. Although the rule of sequestration had been invoked, the Sheriff of Montgomery County remained in the courtroom throughout the trial. Over appellant's objection, the State was allowed to call the Sheriff as a rebuttal witness. There was no error. *Floyd v. State*, 156 Ga. App. 741, 742 (2) (275 SE2d 786) (1980).

4. The admission of the testimony of another of the State's rebuttal witnesses is enumerated as error. The objections raised on appeal were not raised at the time the testimony was offered. Unless evidentiary objections are raised at trial, they may not be urged on appeal. See generally *Bedford v. State*, 165 Ga. App. 232 (299 SE2d 129) (1983).

Appellant also contends that the failure of the attorney who represented him at trial to object to the testimony evinces the denial of effective assistance of counsel. "Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cits.]" *Harris v. State*, 166 Ga. App. 202, 204 (303 SE2d 534) (1983).

5. The general grounds are enumerated. Although conflicting, the evidence was sufficient to authorize the trial court, sitting as the trior of fact, to find proof of appellant's guilt beyond a reasonable doubt. See generally *Thomas v. State*, 161 Ga. App. 159 (288 SE2d 112) (1982).

6. Appellant received probated sentences, subject to numerous special conditions. See OCGA § 42-8-35. Appellant asserts that certain of those special conditions are unauthorized.

"The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions . . . [are] effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement. [Cits.]" *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974). When sentence was orally pronounced at the conclusion of the bench trial, the trial court stated that the special conditions of probation were intended "to take [appellant] out of the sale of alcohol business . . . ." Considering the nature of the crimes for which appellant had been convicted, special conditions of probation reasonably calculated "to take [him] out of the sale of alcohol business" would be authorized. See generally *Brock v. State*, 165 Ga. App. 150 (299 SE2d 71) (1983).

However, the written sentence which was subsequently entered contains the following special probationary condition: Appellant "is not to enter any establishment or be on the premises of any such establishment where beer or other alcoholic beverages are sold or consumed. The only exception to this will be community recognized 'convenience' stores." Construed literally, this special condition could forbid appellant to enter even a grocery store, a discount store, a restaurant or any other establishment where alcoholic beverages might be sold or consumed. The "reasonableness" or the rehabilitative purpose to be served by allowing appellant to enter a convenience store while forbidding him entry to any other establishment whatsoever where alcohol might be sold or consumed is not readily apparent.

The State, relying upon portions of the trial court's oral pronouncements regarding the sentence, contends that the special condition was "obviously designed to remove appellant from any opportunity to engage in illegal sales of alcoholic beverages and not [to]

infringe on his ability to provide the necessary [sustenance] for his family." It does appear that the trial court stated during the oral pronouncement of sentence that it intended to impose a special probationary condition which would forbid appellant to enter "any clubs, any bars, any organized activity" but which would not prohibit his access to an establishment "which is authorized to sell alcoholic beverages but also does a *primary business in the sale of groceries or other items*." (Emphasis supplied.) However, the written sentence controls over the trial court's oral pronouncements regarding sentencing. *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). In the instant case, the only function served by the trial court's original oral pronouncements is to highlight the ambiguity of the special condition contained in the subsequently entered written sentence. As written, appellant's sentence does not merely forbid his ingress to any establishment which has as its primary business the sale or consumption of alcohol. It forbids access to *any* establishment where alcohol may be sold or consumed, and exempts *only* convenience stores.

Because we are unsure what the trial court intended to accomplish by this special condition of the written sentence, we will not attempt a determination of its "reasonableness" at this time. Therefore, we will order the condition as written vacated and remand the case to the trial court for further consideration. Cf. *Jones v. State*, 165 Ga. App. 180, 182 (5) (300 SE2d 534) (1983); *Cooper v. State*, 160 Ga. App. 287, 288 (2) (287 SE2d 284) (1981).

Appellant attacks another special condition of his probated sentence which forbids his association with "any club." In view of the facts surrounding appellant's conviction, this special condition was reasonably calculated to serve a rehabilitative purpose by eliminating the potential for appellant's return to the business of illegal alcohol sales.

The probated sentences are affirmed, except as to the special condition regarding "convenience stores" which is vacated. The case is remanded to the trial court for further consideration and resentencing as to the vacated special condition.

*Judgments of conviction affirmed. Sentences affirmed in part, vacated and case remanded in part. Birdsong, P. J., and Beasley, J. concur.*

DECIDED NOVEMBER 29, 1984.

*John H. Calhoun, Jr.*, for appellant.
*James L. Wiggins, District Attorney, Michael T. Solis, Assistant*

*District Attorney*, for appellee.