## 70395. MULLINS v. THE STATE.
(336 SE2d 343)

BEASLEY, Judge.

Mullins was indicted for murder in the beating death of Joe Lewis Hill. A jury found him guilty of voluntary manslaughter and he was sentenced to serve twenty years in confinement. He appeals from his conviction and sentence and from the denial of his motion for new trial.

1. Appellant contends that the trial court erred in allowing into evidence a GBI agent's testimony regarding statements made to the agent by appellant's brother and that the admission of such testimony so contributed to the verdict as to necessitate a reversal of his conviction.

On October 20, 1979, Joe Lewis Hill disappeared from his home in Dalton. On November 3, Mr. Hill's nude, partially decomposed body was found by a hunter in the Price Creek area of Gilmer County.

At trial, agent Severs was asked about what occurred in the investigation. He testified, without objection, that he had received a phone call from the Atlanta police department informing him that they had been contacted by appellant's brother, William Mullins, and that Mullins told them he had information concerning his brother (appellant) and a body that had been found in the Price Creek area. Severs further testified without objection that after a phone conversation with William Mullins in which he (Mullins) reiterated what he had told the Atlanta police, the agent met with the brother the next day. Defendant then objected to testimony regarding what his brother told Severs during their meeting. The state countered that it was offered to explain Severs' conduct following the conversation. See OCGA § 24-3-2. The court then instructed the jury, as requested by defendant, that the testimony "was solely for the purpose of explaining this witness' [agent Severs'] later conduct if it tends to explain it, and not for the purpose of proving that what he says Mullins told him is necessarily truthful." Defense counsel thanked the court. The agent then testified that the brother had stated that appellant told him he had killed a black man in Dalton and had carried the body to the Price Creek area of Gilmer County in his car some days after the death, that the body was found by a hunter, and that appellant's car was at that time impounded at the Lithonia police department lot. The court again gave a limiting instruction, without request.

Following the court's initial limiting instruction, defendant made no objection to the agent's testimony upon the ground that its substance was inadmissible hearsay; instead, it appears appellant was satisfied that the court had cured what was objectionable. "Admission of testimony without objection at trial cannot be urged as error on appeal." *Chance v. State*, 172 Ga. App. 299, 304 (8) (322 SE2d 741) (1984). Even if we were to conclude that appellant had properly preserved a hearsay objection for our review, it would have to be on the same ground. A defendant, on appeal, cannot challenge the admission of certain evidence on a ground different from the ground of objection asserted in the trial court. See, e.g., *Bedford v. State*, 165 Ga. App. 232, 233 (2) (299 SE2d 129) (1983). Now for the first time appellant complains that the admission of Severs' testimony pursuant to the provisions of OCGA § 24-3-2 was improper under *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982) and *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984), which require that the conduct and the motives of the actor be relevant to the issues on trial. The trial court was not asked to rule on that ground and thus there is nothing to review. "It is well established that appellate courts may not consider objections to evidence not raised at trial." *Barnes v. State*, 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983). Moreover, the testimony was harmless in view of later testimony regarding what defendant

told others. That testimony supported and to a degree echoed the substance of the statements of William Mullins as relayed by agent Severs.

Sharon Wheat, the daughter of a female friend of appellant, testified that she had seen Joe Mullins on October 23 when he was cleaning his car out, that she had observed appellant taking bloody clothing out of the back of the car, and that appellant told her that he had been in a fight in Dalton with a black man and had hit him in the head with a jack handle. Wheat then observed the bloody jack handle and listened while appellant told her that he had knocked the man out. Ronald Burch, an acquaintance of appellant, testified that he met with appellant in Atlanta shortly before Thanksgiving of 1979, and that while he and appellant were hitchhiking to Dalton, appellant told him that he (appellant) had killed a black man, put the body in the trunk of a car and drove the body from Dalton to Gilmer County.

The testimony of these witnesses, together with the substantial physical evidence obtained from the scene and from appellant's automobile and the appellant's numerous and conflicting statements regarding the death, would render the subject statements by agent Severs merely cumulative. In light of the overwhelming evidence of appellant's guilt, it is highly probable that any erroneous admission of testimony would not have contributed to the judgment in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. Appellant asserts that the trial court erred in denying his motion to suppress, claiming that the affidavit for the issuance of the search warrant for his automobile did not provide the magistrate with a substantial basis for determining the existence of probable cause.

In a request for a search warrant, " '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.' [Cit.]." *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). This "totality of the circumstances" test established by *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) is fairly applied to the case at bar. See *Clark v. State*, 173 Ga. App. 579, 580 (327 SE2d 549) (1985).

The affidavit read: "On Tuesday, 11/20/79 the affiant received information from the brother of Joe Lee Mullins, a William Mullins, who stated that his brother had picked up a black male in Dalton, Georgia and carried him to a wooded area in Whitfield County where he beat the black male with a tire tool. The body was left in the

wooded area for about five days and then taken to an area near Price Creek in Gilmer County where it was left. The body was stripped of all clothing and identification. The affiant knows from his own investigation of the death of a black male, Joe Louis Hill, of Dalton, Georgia who was found stripped of clothing in a wooded area near Price Creek in Gilmer County, that the information given by William Mullins to be trouthful [sic] and confirmed from the investigation conducted thus far."

It was not error to issue a search warrant based upon this affidavit. The information received from appellant's brother was consistent with the knowledge that the agent had already personally gained in his more than two weeks investigation into the case. The agent testified, "The information he [William Mullins] gave me about the man being found in that area and having been brought from another area, the crime scene where the body was found was indicative of the scene we had found when the body had been dumped, had been killed somewhere else, dumped in the area." In addition, the agent verified with the Lithonia police department that appellant's car was impounded there. " '(P)robable cause does not demand the certainty we associate with formal trials.' [Cit.]" *State v. Stephens*, supra at 184. Probable cause existed here. Thus the trial court properly denied appellant's motion to suppress the evidence.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1985.

*John R. Earl*, for appellant.
*Roger G. Queen, District Attorney, William H. Boggs, Assistant District Attorney*, for appellee.