## 72747. DAVIS v. THE STATE.
### (349 SE2d 29)

SOGNIER, Judge.

Appellant was convicted of theft by taking and appeals.

1. Appellant contends error in denial of his motion for a new trial, which was based on the general grounds. The evidence disclosed that Richard Sanders of the Spalding County Sheriff's Office was working at the site of a truck accident in the middle of the night. Several patrol cars with blue lights flashing were at the scene when

Sanders observed a van come around a curve in the highway a short distance away and stop. The van remained stopped a short time, then drove into the driveway of a nearby residence. Sanders was acquainted with the residents and knew that they did not own a van, so he drove to the residence to investigate. Sanders discovered that the van had entered the driveway, turned around facing the road, and had cut off its engine and lights. Sanders turned on the bright lights of his vehicle and saw two men in the van. One of the men climbed out the window of the van and ran into a wooded area and was never found. The second man also climbed out the window of the van, went behind the van, then reappeared before running into the same wooded area. Sanders had his spotlight on the second man and observed him clearly. A search of the area was unsuccessful, so Sanders issued a lookout for the second man, giving a physical description as well as a description of the man's clothing. About four hours later appellant, who matched the description given by Sanders, was apprehended by a State trooper and taken back to the accident scene, where he was identified positively by Sanders as the second man to exit the van.

A Ford garden tractor with a mower attachment was found in the van. The tractor was owned by the Coweta Farm Supply Company and had been taken without authority by cutting a hole in a fence surrounding the company property. Appellant denied being in the van and denied stealing the tractor and mower attachment.

The weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a new trial.

2. Appellant contends the trial court erred by failing to charge on circumstantial evidence. Appellant made no request for such a charge and when the court asked if appellant had any exceptions to the charge, he stated that he had none. Further, he did not reserve his right to make exceptions to the charge. Thus, this asserted error was waived. *Awtrey v. State*, 175 Ga. App. 148, 152 (5) (332 SE2d 896) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 16, 1986.

*Johnny B. Mostiler*, for appellant.
*Arthur E. Mallory III, District Attorney, Randall K. Coggin, As-*

*sistant District Attorney*, for appellee.