## 76696. HOWELL v. THE STATE.
### (373 SE2d 216)

SOGNIER, Judge.

Deborah Howell appeals from her conviction of theft by taking of a purse.

1. Appellant contends the evidence was insufficient to support her conviction. The evidence adduced at trial revealed that Henry Taylor, the floor manager of the nightclub where appellant was a customer, was apprised by Hope Henderson, a co-employee, that she thought appellant was stealing purses. Taylor testified he observed appellant reach under a desk at the front of the nightclub where employees and regular customers kept their purses, but when Henderson called out to appellant that it was her (Henderson's) purse, appellant straightened up, waved a cap that was under the desk, then returned the cap before walking back into the nightclub. Taylor had Henderson contact the police. Upon their arrival, Taylor testified he asked appellant to come to the front of the club to talk to the police. Taylor stated that while appellant was carrying a purse on her arm or shoulder when he approached her, when he spoke to ask her to come speak

to the police she let the purse drop straight to the floor. Taylor stated appellant then walked to the front and that he retrieved the purse and delivered it to the police. The name on the driver's license in the purse was that of Marsha Carlton, who responded when Taylor announced her name over the sound system at the nightclub and identified the purse as her own. Carlton testified she had placed the purse underneath the table she was sharing with some friends before she left to go dancing; her friends left the table shortly thereafter to visit the rest room facilities. Carlton stated it was at most 15 minutes between the time she had last seen her purse before she heard Taylor announcing her name over the club intercom. She also testified that her table was in the middle of the nightclub and that no one was seated at the tables nearby.

Appellant testified that she picked up Carlton's purse, mistaking it for her own, after stopping to chat with friends at a table in the middle of the room and that she told the bartender about it when she discovered the mistake. She stated that Taylor startled her by grabbing her arm when he asked her to walk to the front and that caused her to drop the purse, but that it was she, not Taylor, who picked the purse off the floor. She testified that she then handed the purse to Taylor and walked to the front to talk to the police.

The weight of the evidence and credibility of witnesses are questions for the jury. *Davis v. State*, 180 Ga. App. 299, 300 (1) (349 SE2d 29) (1986). Although appellant argues the State failed to prove she acted with the intent necessary to constitute theft by taking under OCGA § 16-8-2, "whether or not mens rea, the specific intent to do an unlawful act, exists, is a question of fact. 'The question of criminal intent is for the jury and not for the court.' [Cit.]" *Jerome v. State*, 143 Ga. App. 649 (239 SE2d 541) (1977). The evidence presented at trial, when viewed in a light favorable to the prosecution, was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Freeman v. State*, 184 Ga. App. 678, 681 (6) (362 SE2d 413) (1987). We thus find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends Taylor's testimony regarding what Henderson told him was hearsay evidence, the admission of which constituted reversible error. The record reveals that the trial court overruled appellant's hearsay objection to Taylor's testimony regarding the initial conversation he had with Henderson on the basis that the testimony was submitted to explain Taylor's subsequent conduct in observing appellant and directing that the police be contacted. OCGA § 24-3-2. At the request of appellant's counsel, the trial court thereafter instructed the jury that "[n]ormally we do not allow one person to testify what another person said, because that's usually not the best

evidence. There is an exception to that rule in which we will allow that testimony, and that is if one person hears something from someone else and does something based on what that person heard the other person say, then that is used to explain that person's conduct, the person that is testifying, so we allow that testimony to explain the conduct, but it does not go to the truth of what the other person said."

Following the trial court's curative instruction, appellant made no objection to Taylor's testimony upon the ground that its substance was inadmissible hearsay; "instead, it appears appellant was satisfied that the court had cured what was objectionable." *Mullins v. State,* 176 Ga. App. 439, 440 (336 SE2d 343) (1985). Although appellant complains now for the first time that the admission of Taylor's testimony pursuant to the provisions of OCGA § 24-3-2 was improper under *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982) and *Teague v. State,* 252 Ga. 534, 536 (314 SE2d 910) (1984), the trial court was not asked to rule on that ground and thus there is nothing to review. *Mullins,* supra; see also *Cooper v. State,* 188 Ga. App. 297 (372 SE2d 679).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 16, 1988 

*Verna L. Smith,* for appellant.
*Carl A. Veline, Jr., Solicitor, James F. Garnett, Assistant Solicitor,* for appellee.