A89A0255. POTTS v. THE STATE.
(381 SE2d 99)

DEEN, Presiding Judge.

Robert Charles Potts appeals pro se from his conviction of driving under the influence of alcohol, asserting the general grounds.

1. The evidence showed that a DeKalb County police officer noted Potts' automobile weaving in the lane in which he was driving and almost striking another vehicle while driving on I-285. After the officer put on his siren he had to change its mode several times to get appellant's attention. When he approached the vehicle, the officer noticed an odor of alcohol about Potts, that his speech was slurred, and that he fumbled for his wallet. Potts staggered and nearly fell down when he got out of his car and could barely stand up unaided. The officer performed two sobriety tests on appellant: a horizontal gaze nystagmus and a pupil dilation test. The officer testified as to his training and experience in performing the tests and based on these

factors, he believed the appellant to be under the influence of alcohol. He radioed for another officer to transport the accused to the police station because his vehicle was not equipped with a security screen. The second officer read Potts the implied consent warnings, but he refused to sign the implied consent form. He also refused to take a police-administered blood test and stated that he would take a urine test. When asked to take this test he claimed that he did not need to urinate. He requested a breath test several times, but was advised that he had to submit to the test of the officer's choice before he could receive the test of his choice. Potts claimed that he was afraid to take a blood test administered by the police station because of his fear of contracting AIDS. He never took the urine test. The second officer testified that on the basis of his experience and training he believed that appellant was under the influence of alcohol to the extent that he was a less safe driver.

Appellant argues that the officer's testimony that he was intoxicated usurped the function of the trier of fact. This argument is without merit because the evidence showed that the opinion was based upon the officer's experience and observations. There was sufficient evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Boose v. State*, 185 Ga. App. 728 (365 SE2d 534) (1988). Refusal to take the State-requested test may be admitted into evidence against a person accused of DUI. OCGA § 40-6-392 (c). The evidence must be viewed in the light most favorable to the prosecution when the evidence is reviewed on appeal. *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986).

2. Appellant's remaining enumerations of error are not supported by argument or citation to authority and are therefore deemed abandoned. *Carey Canada v. Hinely*, 181 Ga. App. 364, 373 (352 SE2d 398) (1986).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MARCH 17, 1989 —
REHEARING DENIED MARCH 28, 1989 — 

*William M. Warner*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Cliff Howard, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.

