A90A0906. GRANT v. THE STATE.
(393 SE2d 737)

BIRDSONG, Judge.

Appellant, General Grant, appeals his sentence and judgment of conviction of driving under the influence. Officer Watts of the Doraville Police Department was on duty on the evening of the incident. He had completed the state-mandated training as a police officer. He observed a car that was failing to maintain lane control, that is, it was not staying in its own lane. It was "weaving into the other lanes"; it was "stopping, going, stopping"; it was "[j]ust swerving all over the road." Officer Watts was within fifty feet of the vehicle, and he followed it for about one-half mile. Officer Watts stopped the car that appellant was driving. Officer Watts detected "a [very] strong odor of an alcoholic beverage upon [appellant]." Appellant responded in an abusive manner to routine questioning and said that he had had three or four beers. Appellant was asked to step to the rear of the vehicle for a sobriety check. Appellant's "eyes were red and glassy looking and he kind of slurred his speech." Because of appellant's continued abusive behavior, Officer Watts elected not to proceed with the sobriety test and placed appellant under arrest for DUI.

At trial, Officer Watts testified, based on his experience as a police officer and his personal observations of appellant, that in his opinion he knew appellant "was under the influence." Officer Watts also expressed his opinion that appellant was under the influence to the extent that it made him less safe to drive a car, and that Watts

"felt like he shouldn't be operating a motor vehicle."

On cross-examination, Watts testified that on the date of the incident he had been a police officer for two years — one year of which he was on the road uncertified; and that on the date of the incident, he was certified and had been so for about six months.

Appellant testified that he had drunk two Bud Lights that evening and some NyQuil, that he was driving the car, and that he was not driving under the influence. *Held*:

1. Appellant asserts that the judgment of conviction is not supported by the evidence, and argues inter alia that an adequate foundation was not laid for the admission of the officer's opinion as to appellant's sobriety.

Appellant did not pose a timely specific objection to the opinion testimony of the officer. Failure to make a timely and specific objection at trial may be treated as waiver on appeal. *Bennett v. State*, 187 Ga. App. 234 (369 SE2d 552). In the case sub judice "[t]here is nothing for us to review since appellant failed to make his objection at trial on the specific ground he attempts to raise on appeal." *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295).

Moreover, the record reflects that adequate foundation exists for the opinion testimony, and that no error occurred in the admission of such evidence. Compare *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) with *Potts v. State*, 191 Ga. App. 75 (1) (381 SE2d 99) and *House v. State*, 184 Ga. App. 724 (2) (362 SE2d 429).

On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530); *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Review of the transcript in a light most favorable to the verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the DUI offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). This enumeration of error is without merit.

2. Appellant asserts that the sentence of the trial court is so confusing and ambiguous that the case should be remanded to state court for resentencing.

It is a general rule that " '[i]f there is any doubt as to the effect of a criminal sentence the defendant will be given the benefit of such doubt. [Cit.] An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed.' " *Parker v. State*, 188 Ga. App. 738, 739 (374 SE2d 230). In determining whether a sentence is ambiguous this court may consider the entire record, including any announce-

ment or explanation of sentence contained in the trial transcript. "However, the written sentence controls over the trial court's oral pronouncements regarding sentencing." *Davis v. State*, 172 Ga. App. 787, 791 (324 SE2d 767).

Examining the trial record, we find that an ambiguity exists between the sentence orally announced and that subsequently written by the trial judge. This ambiguity we will resolve by finding the written sentence controlling. *Davis*, supra. Examining the written sentence announced by the trial judge, we find that it is, on its face, confusing and ambiguous, and that even with the aid of the oral sentence pronouncements made in open court, this ambiguity cannot be resolved with reasonable certainty. "Because we are unsure what the trial court intended to accomplish by this . . . written sentence, we will not attempt a determination of its 'reasonableness' at this time." *Davis*, supra. Therefore, we will reverse the sentence, in effect causing its vacation, and remand this case to the trial court for appropriate resentencing.

*Judgment of conviction affirmed; sentence reversed and case remanded with instruction. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 30, 1990.

*John D. McCord III*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, R. Andrew Fernandez, Cliff Howard, Assistant Solicitors*, for appellee.