A93A0362. HAYES v. THE STATE.
(431 SE2d 430)

POPE, Chief Judge.

Defendant was convicted of driving under the influence of alcohol to the extent that he was a less safe driver, and appeals.

1. The evidence presented at trial shows defendant was involved in a single car collision in which his car ran off the road and struck an embankment. First, defendant argues the trial court erred by allowing the investigating officer to testify to his opinion that the defendant's condition at the scene of the accident was due to alcohol intoxication rather than trauma from the collision. After describing defendant's behavior and visible condition and describing his experience in investigating cases of DUI and collisions involving injury in which the driver was not under the influence of alcohol, the officer was asked, based on his observations, whether in his opinion defendant's condition was a result of the wreck or the result of intoxication. The officer answered that the defendant's condition was a result of intoxication.

"A witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based." *Lawrence v. State*, 157 Ga. App. 264 (2) (277 SE2d 60) (1981). A question at issue in *Lawrence* was whether defendant lost control of the automobile he was driving and plowed into a ditch at which time the axle broke or whether the car went out of control because the axle broke. This court held the trial court erred in refusing to allow a witness to testify whether, in his opinion, defendant was under the influence of alcohol at the time of the accident. Similarly, in this case the testimony to which defendant objected did not involve an opinion as to the ultimate issue of defendant's guilt but merely the officer's opinion whether defendant's condition was more consistent with being under the influence of alcohol or being injured in the collision. Since the testimony was based on the officer's observations and experience, it was not improper. See *Potts v. State*, 191 Ga. App. 75 (1) (381 SE2d 99) (1989). Contrary to defendant's assertions, this case is not governed by *Nichols v. State*, 177 Ga. App. 689 (2) (340 SE2d 654)

(1986), in which this court held that while it would have been permissible for a doctor to testify that the victim appeared to have been the victim of forcible intercourse, it was reversible error to permit him to testify to the ultimate issue that the victim had been raped because the question of rape is a legal issue which involves not only forcible intercourse but also the victim's consent. In this case, the witness did not testify to the ultimate legal issue for the jury's determination and the trial court did not err in overruling defendant's objection to the testimony.

2. Next, defendant argues the trial court erred in refusing to sustain his objection to the prosecutor's closing argument that the jury could find defendant not guilty only if it believed the officer was lying and by refusing to charge the jury it is not necessary to conclude any witness was lying in order to acquit the defendant. The defendant's enumeration of error is based on an erroneous characterization of the statement made by the prosecutor. He did not state that the only way to find defendant not guilty was to disbelieve the officer. Instead, the prosecutor stated that the only way to find that the defendant did not smell of alcohol and that no beer cans were found in defendant's car was to conclude the officer was lying. It is improper for the prosecutor to urge his personal belief as to defendant's guilt or the veracity of witnesses although he may argue the reliability or unreliability of evidence as it may be inferred or deduced from the evidence. *Manning v. State*, 123 Ga. App. 844 (6) (182 SE2d 690) (1971). Since the officer's testimony was the only evidence of defendant's condition at the scene and of the existence of beer cans in defendant's car, the prosecutor's statements were neither inaccurate nor misleading. The trial court properly instructed the jury concerning the credibility of witnesses and it was not error for the trial judge to refuse to give the charge requested by defendant.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Summer & Summer, Daniel A. Summer*, for appellant.

*C. David Turk III, District Attorney, Donald E. Henderson, Assistant District Attorney*, for appellee.