A94A0952. LEIGNER v. THE STATE.
(446 SE2d 770)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of driving under the influence of alcohol to the extent that it was less safe for him to drive. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the evidence is insufficient to support his conviction.

Officer Jeffrey L. Tyson of the Gwinnett County Police Department testified that he stopped defendant at 2:00 in the morning on October 18, 1992, after observing the vehicle defendant was operating "weaving from lane to lane . . ." on an interstate highway. Officer Tyson testified that defendant smelled of alcohol; that defendant held onto the car as he walked to the rear of the vehicle; that defendant's speech was distorted and that defendant's eyes were bloodshot. Officer Tyson testified that defendant failed several field sobriety tests and that defendant became vulgar and abusive after the officer informed him that he was under arrest for driving while under the influence of alcohol. Officer Tyson then testified that he had executed "close to two thousand DUI arrests" before he arrested defendant and that his experience, training and observations supported his conclusion that defendant was a "less safe [driver] than someone who had not been drinking alcohol." This evidence and defendant's admission that he consumed alcohol before driving a car on the night of his arrest is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of driving under the influence of

alcohol to an extent that it was less safe for him to drive in violation of OCGA § 40-6-391 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Osteen v. State*, 176 Ga. App. 722, 723 (2) (337 SE2d 369).

2. Defendant contends the trial court erred in allowing Officer Tyson to give his opinion that defendant was a less safe driver as a result of alcohol consumption. This contention is without merit as the evidence shows that Officer Tyson's opinion was based on his experience and observations. *Hayes v. State*, 208 Ga. App. 627 (1) (431 SE2d 430); *Potts v. State*, 191 Ga. App. 75 (1), 76 (381 SE2d 99).

3. In his final enumeration, defendant contends the trial court erred in charging that jury as follows: "A witness may testify as to whether or not the Defendant was under the influence of alcohol and whether because of any such intoxication the Defendant was a less safe driver."

"The charge of the jury must be taken as a whole and each part thereof considered in connection with every other part of the charge. See, *Marchman v. State*, 129 Ga. App. 22 (3) (198 SE2d 425); *Hightower v. State*, 135 Ga. App. 275, 277 (217 SE2d 636)." *Grant v. State*, 136 Ga. App. 351 (1), 352 (221 SE2d 210). In the case sub judice, the sentence in the trial court's jury charge immediately preceding the above quoted sentence provides that "a witness who satisfactorily shows that he had the opportunity to observe, and did observe the condition of another may testify whether that person was under the influence and the extent thereof, stating the facts upon which the opinion is based." When this charge is read in conjunction with the sentence of which defendant now complains, it is apparent that the trial court properly instructed the jury. See *New v. State*, 171 Ga. App. 392 (5) (319 SE2d 542). This enumeration is without merit.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 13, 1994.

*Robert W. Chestney*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, Richard E. Thomas, Assistant Solicitors*, for appellee.